**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Tamir Einy*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA VANIPENTA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SVB FINANCIAL GROUP, GREG W. BECKER, and DANIEL BECK, <br><br> Defendants. | Case No.: 3:23-cv-01097-JD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TAMIR EINY'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:      June 8, 2023 <br> Time:     10:00 a.m. <br> Courtroom: 11-19th Floor <br> Judge:   Hon. James Donato |
| ELLIOT SNOOK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SVB FINANCIAL GROUP, GREG W. BECKER, and DANIEL J. BECK, <br><br> Defendants. | Case No.: 3:23-cv-01173-JD |

| | |
|---|---|
| AIZAZ SIDDIQUI, Individually and On Behalf of All Others Similarly Situated, | Case No.: 4:23-cv-01228-JD |
| Plaintiff, | |
| v. | |
| GREG W. BECKER and DANIEL J. BECK, | |
| Defendants. | |
| CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, ASBESTOS WORKERS PHILADELPHIA WELFARE AND PENSION FUND, and HEAT & FROST INSULATORS LOCAL 12 FUNDS, on behalf of themselves and all others similarly situated, | Case No.: 3:23-cv-01697-AMO |
| Plaintiff, | |
| v. | |
| GREG W. BECKER, DANIEL J. BECK, KAREN HON, ROGER F. DUNBAR, BEVERLY KAY MATTHEWS, ERIC A. BENHAMOU, ELIZABETH BURR, JOHN S. CLENDENING, RICHARD D. DANIELS, ALISON DAVIS, JOEL P. FRIEDMAN, THOMAS KING, JEFFREY N. MAGGIONCALDA, MARY J. MILLER, KATE D. MITCHELL, JOHN F. ROBINSON, GAREN K. STAGLIN, GOLDMAN SACHS & CO. LLC, BofA SECURITIES, INC., MORGAN STANLEY & CO. LLC, KEEFE, BRUYETTE & WOODS, INC., and KPMG, LLP, | |
| Defendants. | |

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 132 PENSION FUND, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>SVB FINANCIAL GROUP, GREGORY W. BECKER, and DANIEL J. BECK, Defendants,<br><br>           Defendants. | Case No.: 3:23-cv-01962-JD |

1

## NOTICE OF MOTION AND MOTION

2

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE, that on June 8, 2023 at 10:00 a.m., or as soon as counsel may be

4

heard, the undersigned will move before the Honorable James Donato at the United States District

5

Court for the Northern District of California, San Francisco Courthouse, Courtroom 11 on the 19th

6

Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal

7

Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

8

1.      Consolidating the Related Actions (the "Actions");

9

2.      Appointing Tamir Einy ("Movant") as Lead Plaintiff;

10

3.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead

11

Counsel; and

12

4.      Granting such other and further relief as the Court may deem just and proper.

13

Movant respectfully submits the following memorandum in support of his motion for: (a)

14

consolidation of the Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi &

15

Korsinsky as Lead Counsel.

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ............................................................................... 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................... 2

III.  STATEMENT OF FACTS ................................................................................... 2

IV.   PROCEDURAL HISTORY.................................................................................. 4

V.    ARGUMENT ......................................................................................................... 5

      A.    Consolidation of the Actions is Appropriate. ................................................. 5

      B.    Movant's Appointment as Lead Plaintiff Is Appropriate. .............................. 6

            1.    The Procedure Required by the PSLRA ................................................. 6

                  a.    Movant Is Willing to Serve as Class Representative. ............................ 7

                  b.    Movant Has the Largest Financial Interest in the Relief Sought by the
                        Class. ............................................................................................... 7

            2.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil
                  Procedure. ......................................................................................... 8

                  a.    Movant's Claims Is Typical of the Claims of All Class Members. ........ 9

                  b.    Movant Will Adequately Represent the Class. .................................... 10

      C.    Approval of Movant's Choice of Counsel Is Appropriate........................... 11

VI.   CONCLUSION.................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ...........................7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ......................................................................................... 1, 7, 8

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ................................................................................................ 10

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992) .................................................................................................9

*Eiger Biopharmaceuticals, Inc.*,
  Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551 (N.D. Cal. Feb. 3, 2023) ...................11

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ...........................................................................................9

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ............................................................................................................9

*Gilbert v. Azure, et al.*,
  No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022) ...................11

*Gold v. Lumber Liquidators, Inc.*,
  323 F.R.D. 280 (N.D. Cal. 2017) ...........................................................................................9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..............................................................................................9

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004) ..............................................................................................8

*Hessefort v. Super Micro Computer, Inc*,
  317 F.Supp.3d 1056 (N.D. Cal. 2018) ....................................................................................8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ................................................................................................5

*Johnson v. OCZ Tech. Grp.*,
  2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ..........................................................2, 6

*In re LendingClub Sec. Litig.*,
  282 F.Supp.3d 1171 (N.D. Cal. 2017) ....................................................................................9

*Michalski v. Weber Inc., et al.*,
  Case No. 1:21-cv-03966-EEB (N.D. Ill. Nov. 29, 2022) .........................................................11

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ...............................................................................................8

*Mitchell v. Complete Mgmt., Inc.*,
  1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999)..................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................9

*Patterson v. Cabaletta Bio, Inc., et al.*,
  Case 2:22-cv-00737-JMY (E.D. Pa. Aug. 10, 2022) ......................................................11

*Primavera Familienstifung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997) .......................................................................................5

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)...............................................................................................9

*Ryan v. FIGS, Inc. et al.*,
  Case No. 2:22-cv-07939-ODW (KSx) (C.D. Cal. Feb. 14, 2023)..................................11

*Veal v. LendingClub Corporation*,
  2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ....................................................................8

*Weisz v. Calpine Corp.*,
  2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002)................................................5

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................................5

**<u>Statutes</u>**

15 U.S.C. § 78u-4 ................................................................................................*passim*

15 U.S.C. § 77z-1 ................................................................................................*passim*

**<u>Rules</u>**

Fed. R. Civ. P. 23(a) ...............................................................................................2, 8, 9

Fed. R. Civ. P. 42(a) ......................................................................................................5

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court are the above-captioned securities class actions (the "Actions") brought on behalf of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of SVB Financial Group ("SVB" or the "Company") between November 5, 2020 and March 10, 2023, inclusive (the "Class Period")[1], including all persons and entities who purchased SVB securities pursuant and/or traceable to the Company's following offerings of SVB securities (the "Offerings"). Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities Act of 1933 (the "Securities Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $315,795.36 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) pursuant to the Exchange Act claims, using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-

---

[1] The actions entitled *Vanipenta v. SVB Financial Group, et. al.,* Case No. 3:23-cv-01097-JD (the "*Vanipenta* Action") and *Snook v. Greg W. Becker, et al.,* Case No. 3:23-cv-01173-JD (the "*Snook* Action") define the Class Period as June 16, 2021 through March 10, 2023, inclusive. The action styled *Siddiqui v. Greg W. Becker, et al.,* Case No. 4:23-cv-01228-JD (the "*Siddiqui* Action") defines the Class Period as December 7, 2020 through March 8, 2023, inclusive. The action styled *City of Hialeah Employees' Retirement System, et. al. v. Greg W. Becker, et al.,* Case No. 3:23-cv-01697-AMO (the "*Hialeah* Action") defines the Class Period as January 22, 2021 through March 10, 2023, inclusive. Lastly, the action entitled *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et. al.,* Case No. 3:23-cv-01962-JD (the "*Local 132 Pension Fund* Action") defines the Class Period as November 5, 2020 through March 10, 2023, inclusive. Movant adopts the most-inclusive Class Period defined in the *Local 132 Pension Fund* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[2] Movant also lost $343,395.55 pursuant to the Securities Act claims. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the Actions be consolidated; (2) he be appointed Lead Plaintiff; and (3) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.  Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

3.  Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

## III. STATEMENT OF FACTS[4]

SVB purports to be "a diversified financial services company, as well as a bank holding company and a financial holding company. SVB Financial was incorporated in the state of Delaware

---

[2] Movant's certification identifying his transactions in SVB, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period, including all persons and entities who purchased SVB securities pursuant and/or traceable to the Offerings.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Vanipenta* Complaint") filed in the *Vanipenta* Action. Citations to "*Local 132 Pension Fund* ¶ __" are to paragraphs of the Class Action Complaint (the "*Local 132 Pension Fund* Complaint") filed in the *Local 132 Pension Fund* Action. Citations to "*Hialeah* ¶ __" are to paragraphs of the Class Action Complaint (the "*Hialeah* Complaint") filed in the *Hialeah*. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Vanipenta, Hialeah,* and *Local 132 Pension Fund* Complaints. The facts set forth in the *Vanipenta, Hialeah,* and *Local 132 Pension Fund* Complaints are incorporated herein by reference.

in March 1999. Through our various subsidiaries and divisions, we offer a diverse set of banking and financial products and services to clients across the United States, as well as in key international innovation markets. For nearly 40 years, we have been dedicated to helping support entrepreneurs and clients of all sizes and stages throughout their life cycles, primarily in the technology, life science/healthcare, private equity/venture capital and premium wine industries." ¶ 7.

On July 21, 2022, SVB revealed among its second-quarter financial results that deposits had declined from the previous quarter, and that it expected slower deposit growth for the full-year than previously forecast. *Local 132 Pension Fund* ¶ 34. SVB also recorded a large loan loss provision on increased recession risk, as well as net losses on investment securities. *Id.* As a result of these developments, quarterly earnings were far lower than analyst expectations. Defendant Becker attributed the weakness to "[c]hallenges in the public markets," which he said were "affecting liquidity flows to private companies" and in turn were undermining "private company valuations, hiring and performance expectations." *Id.* On this news, the price of SVB stock fell $74.81 per share, or more than 17%, from a close of $436.17 per share on July 21, 2022, to close at $361.36 per share on July 22, 2022. *Id.*

Then, on October 20, 2022, SVB announced third-quarter 2022 financial results, which reflected increasing deposit outflows and higher interest expenses due primarily to larger payments on interest-bearing accounts as a result of higher market rates. *Local 132 Pension Fund* ¶ 35. These trends contributed to low overall earnings, which again missed analyst estimates. In a letter to shareholders, Defendant Becker said that "[m]arket volatility and increasing economic uncertainty have reduced liquidity flows to private companies, as rising rates, lack of clarity on private valuations, and the risk of recession are keeping investors on the sidelines." *Id.* On this news, the price of Company stock fell $72.43 per share, or nearly 24%, from a close of $302.46 per share on October 20, 2022, to close at $230.03 per share on October 21, 2022. *Id.*

The statements referenced in ¶¶18-29 in the *Vanipenta* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business which were known to Defendants or recklessly disregarded by them. ¶ 30. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the

Company failed to disclose to investors the risks presented by impending rising interest rates; (2) the Company failed to disclose to investors that, in an environment with high interest rates, it would be worse off than banks that did not cater to tech startups and venture capital-backed companies; (3) the Company failed to disclose that, if its investments were negatively affected by rising interest rates, it was particularly susceptible to a bank run; (4) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. *Id.*

After trading hours on March 8, 2023, the Company released a Press Release entitled, "SVB Financial Group Announces Proposed Offerings of Common Stock and Mandatory Convertible Preferred Stock." (the "March 8 Press Release"). ¶ 31.

The March 8 Press Release triggered immediate concerns by the Company's clients about its ability to continue to function, and the safety of their deposits, because, as reported by The New York Times, "[l]ike all its peers, and consistent with regulations, Silicon Valley Bank holds only a small portion of its customer deposits in cash available to be immediately withdrawn. The vast majority are either lent to other customers or invested to earn a return. That raises the specter that a rush of withdrawals would leave it unable to pay." ¶ 33.

In response to the revelation, the price of the Company's stock lost more than half of its value from a closing price of $267.83/share on March 8, 2023 to $106.04/share on March 9, 2023. ¶ 34.

Similarly, the price of SVB preferred stock plummeted $4.27 per share, or more than 21%, from a close on March 8, 2023 of $19.50 per share, to close at $15.23 per share on March 9, 2023. *Hialeah* ¶ 11.

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Vanipenta* Action against the Defendants. Plaintiff Chandra Vanipenta ("Vanipenta") commenced the first-filed action of March 13, 2023. On that same day, counsel acting on Vanipenta's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

On March 15, 2023, a substantially similar action was filed against SVB in this Court, the *Snook*

Action. Additionally, a third action was filed against Defendants in this Court on March 17, 2023, the "*Siddiqui* Action. Further, a fourth action was filed against Defendants in this Court on April 7, 2023, the *Hialeah* Action. Lastly, a fourth action was filed against Defendants in this Court on April 24, 2023, the *Local 132 Pension Fund* Action. Movant has requested consolidation of the *Vanipenta, Snook, Siddiqui, Hialeah,* and *Local 132 Pension Fund* Actions.

## V.  ARGUMENT

### A.  Consolidation of the Actions is Appropriate.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) and 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TAMIR EINY'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

involve the same subject matter and are based on the same wrongful course of conduct. Each names SVB and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii) and 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange and Securities Acts] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B) and 15 U.S.C. §§ 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i), and 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TAMIR EINY'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

### a. Movant Is Willing to Serve as Class Representative.

On March 13, 2023, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act and Section 27(a)(3)(A) of the Securities Act, which announced that a securities class action had been filed against SVB and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[5]

Movant has reviewed the complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

---

[5] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

Within the Class Period, Movant purchased SVB shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Pursuant to the Exchange Act claims, Movant suffered a substantial loss of approximately $342,002.87 under a LIFO analysis and $315,795.36 under a *Dura* LIFO analysis. *See* Apton Decl., Ex. B. Movant also lost $343,395.55 pursuant to the Securities Act claims. *Id*. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004);

*In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a.   Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon*, 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired SVB securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and his losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 3 years. He resides in Ramat Gan, Israel, and possesses a Master of Science in electrical engineering. Movant is currently employed as an algorithm engineer with Applied Materials. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

### C.  Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551, at *6-7 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, ECF No. 59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

### VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

1    Dated: May 12, 2023                          Respectfully submitted,

2                                                 **LEVI & KORSINSKY, LLP**

3

4                                                 */s/ Adam M. Apton*
                                                  Adam M. Apton (SBN 316506)

5                                                 Adam C. McCall (SBN 302130)
                                                  1160 Battery Street East, Suite 100

6                                                 San Francisco, CA 94111
                                                  Tel: (415) 373-1671

7                                                 Email: aapton@zlk.com
                                                  Email: amccall@zlk.com

8
                                                  *Attorneys for Tamir Einy and Proposed Lead Counsel*
9                                                 *for the Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TAMIR EINY'S MOTION FOR: (1)
CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF
SELECTION OF COUNSEL