```
JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759
```

Attorneys for Defendant Greg W. Becker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA VANIPENTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SVB FINANCIAL GROUP, GREG W. BECKER, and DANIEL BECK,<br><br>Defendants. | Case No. 3:23-cv-01097-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**<br><br>Judge:  James Donato |

*additional caption next page…*

| | |
|---|---|
| KIM STEVENSON and HOWARD TARLOW, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREG W. BECKER, DANIEL J. BECK, ROGER F. DUNBAR, KAREN HON, ERIC A. BENHAMOU, JOHN S. CLENDENING, RICHARD D. DANIELS, ALISON DAVIS, JOEL P. FRIEDMAN, JEFFREY N. MAGGIONCALDA, BEVERLY KAY MATTHEWS, MARY J. MILLER, KATE D. MITCHELL, JOHN F. ROBINSON, GAREN K. STAGLIN, and KPMG LLP,<br><br>Defendants. | Case No. 4:23-cv-02277-HSG<br><br>Judge: Haywood S. Gilliam, Jr. |
| STEPHEN ROSSI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREG W. BECKER, DANIEL J. BECK, ROGER F. DUNBAR, KAREN HON, ERIC A. BENHAMOU, JOHN S. CLENDENING, RICHARD D. DANIELS, ALISON DAVIS, JOEL P. FRIEDMAN, JEFFREY N. MAGGIONCALDA, BEVERLY KAY MATTHEWS, MARY J. MILLER, KATE D. MITCHELL, JOHN F. ROBINSON, GAREN K. STAGLIN, KPMG LLP, BENHAMOU GLOBAL VENTURES, LLC, FIFTH ERA, LLC, and SCALE VENTURE PARTNERS,<br><br>Defendants. | Case No. 3:23-cv-02335-TLT<br><br>Judge: Trina L. Thompson |

Defendant Greg W. Becker hereby submits this Administrative Motion, pursuant to Civil Local Rules 3-12 and 7-11, to consider whether *Stevenson and Tarlow v. Becker et al.*, Case No. 4:23-cv-02277-HSG and *Rossi v. Becker et al.*, Case No. 3:23-cv-02335-TLT (the "Stevenson and Rossi Actions") should be related to *Vanipenta v. SVB Financial Group, et al.*, Case No. 3:23-cv-01097-JD (the "Vanipenta Action"), now pending before this Court.

On April 26 and May 11, 2023, this Court issued orders relating *Snook v. Becker et al.*, Case No. 3:23-cv-01173-JD (N.D. Cal.), *Siddiqui v. Becker et al.*, Case No. 4:23-cv-01228-JD (N.D. Cal.), *City of Hialeah Employees' Retirement System, et al. v. Becker et al.*, Case No. 3:23-cv-01697-JD (N.D. Cal.), and *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et al.*, Case No. 3:23-cv-01962-JD (N.D. Cal.) (together with the Vanipenta Action and the Stevenson and Rossi Actions, the "Actions") to the Vanipenta Action. See Dkt. Nos. 25, 29.

Under Civil Local Rule 3-12(a), cases are related when they (1) "concern substantially the same parties, property, transaction or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, both criteria are met, and the Actions should be related in order to promote judicial efficiency.

First, the Actions are all putative class actions involving similarly defined classes, against similar defendants,[1] and asserting substantively similar claims under the federal securities laws. The putative class members in all Actions consist of investors of SVB Financial Group, and the claims in all of the complaints arise from the events leading up to and including March 10, 2023, the date that the California Department of Financial Protection and Innovation took possession of Silicon Valley Bank. The complaints in all Actions allege that defendants violated the federal

---

[1] Mr. Becker and Daniel J. Beck are defendants in each of the Actions. SVB Financial Group is currently a defendant in the Vanipenta Action, but filed for Chapter 11 bankruptcy on March 17, 2023, and is subject to the automatic stay of 11 U.S.C. § 362. *See* Dkt. No. 24. Defendants Dunbar, Hon, Benhamou, Clendening, Daniels, Davis, Friedman, Maggioncalda, Matthews, Miller, Mitchell, Robinson, Staglin, and KPMG LLP are named in the Stevenson and Rossi Actions, and Defendants Benhamou Global Ventures, LLC, Fifth Era, LLC, and Scale Venture Partners are additionally named in the Rossi Action.

securities laws by making false and/or misleading statements and/or omitting material facts, including failure to disclose the risks presented by market conditions and rising interest rates, and failure to disclose depository and liquidity risks. *See* Declaration of Alexander K. Talarides ("Talarides Decl."), Exs. A-C. Certain plaintiffs have already moved to consolidate the Actions, including the Stevenson and Rossi Actions. *See*, *e.g.*, Dkt. Nos. 38, 44.

Second, given these common issues of law and fact, there will be an unduly burdensome duplication of labor and expense and potentially conflicting results if the cases are conducted before different judges, and that assignment of a single judge will conserve judicial resources and promote an efficient determination of the Actions. This is particularly the case here where plaintiffs in the already-related Actions seek to consolidate the Actions, including the Stevenson and Rossi Actions. *See* Dkt. Nos. 38, 44. Should Plaintiffs in the Stevenson and Rossi Actions move to remand in both the Stevenson and Rossi Actions, it would also serve purposes of judicial economy to have a single judge preside over both motions to remand.

Defendants Beck, Dunbar, Hon, Benhamou, Clendening, Daniels, Davis, Friedman, Maggioncalda, Matthews, Miller, Mitchell, Robinson, Staglin, KPMG LLP, Benhamou Global Ventures, LLC, Fifth Era, LLC, and Scale Venture Partners, through their counsel, have expressed that they do not oppose this Motion.[2] *See* Talarides Decl. ¶¶ 8-12.

For the foregoing reasons, Mr. Becker respectfully requests that the Court enter an order relating the Actions and directing the Clerk to reassign the Actions as appropriate, pursuant to Civil Local Rule 3-12.

---

[2] Counsel for Mr. Becker have attempted to confirm that Plaintiff Vanipenta does not oppose this motion but have received no response from counsel for Plaintiff Vanipenta as of May 26, 2023. *See* Talarides Decl. ¶ 5. Counsel for Mr. Becker met and conferred with counsel for Plaintiffs in the Stevenson and Rossi Actions, but the parties could not agree to the finalized language in this motion. *See* Talarides Decl. ¶¶ 6-7. In particular, Plaintiffs in the Stevenson and Rossi Actions consent to Mr. Becker's filing of this motion pursuant to Civil L.R. 3-12(b) on the basis that the Actions "may be" related. They contend, however, that the Stevenson and Rossi Actions were improvidently removed and that the Defendants' allegations and claims for relief in those cases are similar, but not in all respects identical to, those in the other Actions. Plaintiffs intend to move to remand the Stevenson and Rossi Actions back to Santa Clara Superior Court. Defendants contend that there will be a burdensome duplication of labor and expense and potentially conflicting results if the Stevenson and Rossi Actions, including Plaintiffs' forthcoming motions to remand, are heard before different judges.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 26, 2023 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 3 | | */s/ Alexander K. Talarides* |
| 4 | | Alexander K. Talarides |
| 5 | | Attorneys for Defendant Greg W. Becker |