UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE SVB FINANCIAL GROUP SECURITIES LITIGATION | Case No. 23-cv-01097-NW  (SVK) **ORDER FOR BRIEFING RE CONTROLLING INTEREST** |
|---|---|
| CITY OF HIALEAH EMPLOYEES RETIREMENT SYSTEM, et al., Plaintiffs, v. GREG W. BECKER, et al., Defendants. | Case No. 23-cv-01697-NW  (SVK) |
| TIAA-CREF INVESTMENT MANAGEMENT, LLC, et al., Plaintiffs, v. GREGORY W. BECKER, et al., Defendants. | Case No. 24-cv-00478-NW  (SVK) |

Defendant BofA Securities, Inc. has disclosed that it is a wholly-owned subsidiary of NB Holdings Corporation, NB Holdings Corporation is a wholly-owned subsidiary of Bank of America Corporation, and Bank of America Corporation has no parent company and no publicly held corporation owns more than 10% of Bank of America Corporation's shares. Case No. 23-cv-1097 at Dkt. 153; Case No. 23-cv-1697-NW at Dkt. 48; Case No. 24-cv-478-NW at Dkt. 88.

BofA Securities, Inc.'s filings in Case No. 23-cv-1697-NW at Dkt. 48 and in some previous cases in this District indicate that Berkshire Hathaway Inc. at one time beneficially owned more than ten percent of the outstanding common stock of Bank of America Corporation, although Berkshire Hathaway's recent SEC filings indicate that its stake in Bank of America Corporation is now less than ten percent. *See* Schedule 13G (filed 2/14/2025). Published Advisory Opinion No. 57 of the Committee on Codes of Conduct, in discussing Code of Judicial Conduct Canon 3C(3)(c), provides in relevant part:

> The Committee concludes that under the Code the owner of stock in a parent corporation has a financial interest in a controlled subsidiary. Therefore, when a judge knows that a party is controlled by a corporation in which the judge owns stock, the judge should recuse. See Canon 3C(3)(c). When a parent company does not own all or a majority of stock in the subsidiary, the judge should determine whether the parent has control of the subsidiary.

*See* https://www.uscourts.gov/rules-policies/judiciary-policies/ethics-policies/published-advisory-opinions.

For purposes of determining whether recusal is required under Canon 3C(3)(c), the Court directs BofA Securities to file a brief, with supporting evidence as necessary, no later than **March 20, 2025**, as to whether BofA Securities is a "controlled subsidiary" of Berkshire Hathaway. The Court notes that BofA Securities has briefed this issue in other cases in this District. *See Bergman v. Caribou Bioscienses, Inc.*, Case No. 23-cv-01742-RFL at Dkt. 49; *Wang v. Zymergen,* Case No. 21-cv-6028-PCP at Dkt. 228; *Hoang v. Contextlogic, Inc.,* Case No. 21-cv-3930-BLF at Dkt. 89. BofA Securities' brief in the above-captioned cases may adopt by reference those previous filings if there is no updated information to report. The other Parties may, but are not required to, file a responsive pleading no later than **ten (10) days following the filing of BofA Securities' brief.** No brief filed in response to this order may exceed ten pages in length.

**SO ORDERED.**

Dated: March 10, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

2