JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
TRISTAN K. ALLEN (SBN 335505)
tallen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:	+1 415 773 5700
Facsimile:	+1 415 773 5759

Attorneys for Defendant Gregory W. Becker

[additional counsel on signature page]

JENNIFER S. WINDOM (*pro hac vice*)
jwindom@kramerlevin.com
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Tel: (202) 775-4500
Fax: (202) 775-4510

BARRY H. BERKE (*pro hac vice*)
bberke@kramerlevin.com
DARREN A. LAVERNE (*pro hac vice*)
dlaverne@kramerlevin.com
DANIEL M. KETANI (*pro hac vice*)
dketani@kramerlevin.com
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

KRISTOPHER KASTENS (SBN 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel: (650) 752-1700
Fax: (650) 752-1800

Attorneys for Defendant Daniel J. Beck

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SVB FINANCIAL GROUP SECURITIES LITIGATION | Case No. 3:23-cv-01097-JD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Date:	August 1, 2024<br>Time:	10:00 a.m.<br>Judge:	Honorable James Donato<br>Ct. Room:	11, 19th Floor |

Defendants Gregory W. Becker and Daniel J. Beck (the "Officer Defendants") respectfully request that the Court take judicial notice of the documents described below and attached hereto pursuant to the incorporation by reference doctrine, Federal Rule of Evidence 201, and other applicable law.[1] This Request for Judicial Notice is made in support of the Officer Defendants' Motion to Dismiss Exchange Act Claims in Plaintiffs' CAC and the Officer Defendants and Securities Act Defendants' (collectively, the "Defendants") Motion to Dismiss Claims under the Securities Act of 1933.[2]

**DISCUSSION**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

As detailed below, each of the documents described below and attached hereto is properly considered in connection with Defendants' Motions to Dismiss under (a) the incorporation by reference doctrine, (b) Federal Rule of Evidence 201, which permits the Court to consider information subject to judicial notice, or (c) both of these doctrines.

**I.  DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT ARE CONSIDERED FOR THEIR TRUTH ON A MOTION TO DISMISS**

In setting forth its allegations, Plaintiffs expressly references and quotes from various documents. "[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those

---

[1] Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc. (collectively, the "Underwriters"), Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger F. Dunbar, Joel P. Friedman, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, Garen K. Staglin, and John S. Clendening (collectively, the "Independent Directors"), Karen Hon (together with the Underwriters and Independent Directors, the "Securities Act Defendants") hereby join in this request for judicial notice as it relates to sections I, III, and IV.

[2] The terms used herein are as defined in the Glossary of Terms Used accompanying the Officer Defendants' Motion to Dismiss Exchange Act Claims.

very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). "A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. "The court may treat such a document as 'part of the complaint'" and "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see, e.g.*, *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding that SEC filings, press releases and conference call transcripts that formed the basis of plaintiff's claims were incorporated by reference into the complaint).

In accordance with this doctrine, Defendants request that the Court consider the following documents, true and correct copies of which are attached hereto:

| Documents | Exhibit No. | CAC Paragraph |
|---|---|---|
| FRB report entitled "Review of the Federal Reserve's Supervision and Regulation of Silicon Valley Bank," dated April 28, 2023 | 1 | ¶¶ 9, 38, 70, 90, 103-04, 107, 109, 116, 118, 120, 125, 131, 166, 175, 182, 214-15, 244, 248, 261, 270, 465, 488, 504, 514, 516-19, 521-22, 562, 626, 631, 635, 639, 641 |
| DFPI report entitled "Review of DFPI's Oversight and Regulation of Silicon Valley Bank," dated May 8, 2023 | 2 | ¶¶ 104, 501 |
| Excerpts of SVB's 2020 Form 10-K filed with the SEC on March 1, 2021 | 3 | ¶¶ 276-81, 285-94, 302-04, 309-10, 317-19, 420-23, 428-41, 444-61, 463, 515, 574, 586, 590, 600 |
| Excerpts of SVB's 2021 Form 10-K filed with the SEC on March 1, 2022 | 4 | ¶¶ 276-81, 285-94, 302-04, 309-10, 317-19, 420-23, 428-61, 590 |

| Documents | Exhibit No. | CAC Paragraph |
|---|---|---|
| Excerpts of SVB's 2022 Form 10-K filed with the SEC on February 24, 2023 | 5 | ¶¶ 276-81, 285-94, 302-06, 309-10, 317-19, 420-23, 428-41, 444-61 |
| Excerpts of SVB's Q1 2021 Form 10-Q filed with the SEC on May 10, 2021 | 6 | ¶¶ 289-94, 302-04, 311-14, 430-38, 442-43, 453-54 |
| Excerpts of SVB's Q1 2022 Form 10-Q filed with the SEC on May 6, 2022 | 7 | ¶¶ 289-94, 302-04, 311-14, 430-33, 436-38, 453-54 |
| Excerpts of SVB's Q2 2022 Form 10-Q filed with the SEC on August 8, 2022 | 8 | ¶¶ 289-94, 302-04, 311-14, 430-33, 436-38, 453-54 |
| Excerpts of SVB's Form 8-K filed with the SEC on July 22, 2021 | 9 | ¶ 297 |
| Excerpts of SVB's Form 8-K filed with the SEC on April 21, 2022 | 10 | ¶ 298 |
| Excerpts of SVB's Form 8-K filed with the SEC on July 21, 2022 | 11 | ¶ 186 |
| Excerpts of SVB's Form 8-K filed with the SEC on October 20, 2022 | 12 | ¶ 197 |
| SVB's Form 8-K filed with the SEC on March 8, 2023 | 13 | ¶ 202 |
| Excerpts of SVB's Schedule 14A Definitive Proxy Statement for 2020 filed with the SEC on March 4, 2021 | 14 | ¶¶ 257, 280, 283 |
| Excerpts of SVB's Schedule 14A Definitive Proxy Statement for 2021 filed with the SEC on March 4, 2022 | 15 | ¶¶ 257-59, 280, 283, 424-27, 616 |
| Excerpts of SVB's Schedule 14A Preliminary Proxy Statement for 2022 filed with the SEC on March 3, 2023 | 16 | ¶¶ 252, 257-59, 281, 283, 424-27 |
| Transcript from SVB's Q2 2021 Earnings Conference Call on July 22, 2021 | 17 | ¶¶ 52, 240, 296 |
| Transcript from SVB's Q2 2022 Earnings Conference Call on July 21, 2022 | 18 | ¶¶ 56, 186, 189-91, 299 |

| Documents | Exhibit No. | CAC Paragraph |
|---|---|---|
| Transcript from SVB's Conference Presentation on September 12, 2022 | 19 | ¶ 300 |
| Transcript from SVB's Q3 2022 Earnings Conference Call on October 20, 2022 | 20 | ¶ 199 |
| Form 4 for Gregory W. Becker filed with the SEC on January 29, 2021 | 21 | ¶ 264 |
| Form 4 for Gregory W. Becker filed with the SEC on February 9, 2021 | 22 | ¶ 264 |
| Form 4 for Gregory W. Becker filed with the SEC on July 19, 2021 | 23 | ¶ 264 |
| Form 4 for Gregory W. Becker filed with the SEC on December 3, 2021 | 24 | ¶¶ 264, 365 |
| Form 4 for Gregory W. Becker filed with the SEC on March 1, 2023 | 25 | ¶¶ 264, 265-67, 365 |
| Form 4 for Daniel J. Beck filed with the SEC on February 2, 2021 | 26 | ¶ 263 |
| Form 4 for Daniel J. Beck filed with the SEC on June 9, 2021 | 27 | ¶¶ 263, 365 |
| Form 4 for Daniel J. Beck filed with the SEC on December 3, 2021 | 28 | ¶¶ 263, 365 |
| Form 4 for Daniel J. Beck filed with the SEC on March 2, 2022 | 29 | ¶ 263 |
| Form 4 for Daniel J. Beck filed with the SEC on December 5, 2022 | 30 | ¶ 263 |
| Form 4 for Daniel J. Beck filed with the SEC on March 1, 2023 | 31 | ¶¶ 263, 265-67, 365 |
| DFPI Order Taking Possession of Property and Business re SVB, dated March 10, 2023 | 32 | ¶¶ 206, 610 |
| FRBSF and DFPI Report of Joint Examination re SVB, dated May 3, 2021 | 33 | ¶¶ 144, 228, 538, 628 |
| FRBSF letter to SVB, dated November 19, 2019 | 34 | ¶¶ 115, 228, 511 |

| Documents | Exhibit No. | CAC Paragraph |
|---|---|---|
| FRBSF Report of Holding Company Inspection re SVB, dated July 9, 2021 | 35 | ¶¶ 70, 74, 228, 273, 465-66, 469, 605, 629 |
| FRBSF letter to SVB, dated November 2, 2021 | 36 | ¶¶ 127, 135-36, 139-41, 144-46, 150-53, 172, 228, 523, 529-30, 533-35, 539-40, 545-48, 567, 589, 607, 633 |
| FRBSF and DFPI letter to SVB, dated August 17, 2022 | 37 | ¶¶ 70-73, 110, 118, 137, 181, 193-96, 228, 231, 465-66, 468, 490, 504, 530-31, 605, 627, 638, 640 |
| FRBSF and DFPI letter to SVB, dated November 15, 2022 | 38 | ¶¶ 119, 173, 228, 515-16, 568 |
| *Financial Times* article entitled "Silicon Valley Bank profit squeeze in tech downturn attract short sellers," dated February 21, 2023 | 39 | ¶¶ 307, 315 |
| *Financial Times* article entitled "Silicon Valley Bank was warned by BlackRock that risk controls were weak," dated March 18, 2023 | 40 | ¶¶ 129, 173, 212, 237, 525, 568, 623 |
| *Washington Post* article entitled "Silicon Valley Bank's risk model flashed red. So its executives changed it," dated April 2, 2023 | 41 | ¶¶ 123, 213, 244, 519-20 |
| The Financial Accounting Standards Board Accounting Standards Codification, 320-10-25 | 42 | ¶¶ 160-64, 311, 556, 558, 560, 566, 568 |

Each of these documents is extensively referenced in the CAC (as shown above) and/or forms the basis of Plaintiffs' claims. Further, the CAC relies on the Officer Defendants' stock sales to plead scienter and to allege insider trading in violation of Section 20A. *See* CAC ¶¶ 263-69, 360-68. Thus, the Court may consider these documents under the incorporation by reference doctrine. *See*, *e.g.*, *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("[I]t is appropriate to look to public[ly] filed SEC documents implicitly incorporated into a complaint") (internal quotation marks omitted).

1  II.  **FACTS FROM DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT THAT ARE ALSO SUBJECT TO JUDICIAL NOTICE**

In addition, the incorporated, and judicially noticeable, SEC Forms 4 and Schedule 14A Proxy Statements show the following facts regarding the Officer Defendants' stock trading during the alleged class period:

### *Both Officer Defendants Combined*

| # of Shares & Vested Stock Options Available During Class Period | # of Shares Sold During Class Period | # of Shares & Vested Stock Options Retained | % of Available Holdings Sold (Retained) | Net Proceeds from Class Period Sales | Losses From Retained Common Stock Shares |
|---|---|---|---|---|---|
| 239,991 | 70,498 | 169,493 | 29% (71%) | $28,840,428 | $27,574,440 |

### *Defendant Gregory W. Becker (CEO)*

| # of Shares & Vested Stock Options Available During Class Period | # of Shares Sold During Class Period | # of Shares & Vested Stock Options Retained | % of Available Holdings Sold | % of Available Holdings Retained | Losses From Retained Common Stock Shares |
|---|---|---|---|---|---|
| 216,857 | 57,758 | 159,099[3] | 27% | 73% | $26,440,002[4] |

---

[3] Ex. 16 at 91. This includes 98,867 retained shares (Ex. 25) and 60,232 shares underlying unexercised but exercisable options (Ex. 16 at 67, 91 n.7).

[4] This is calculated as Mr. Becker's 98,867 retained shares (Ex. 25) multiplied by the alleged $267.43 per share stock decline after March 8, 2023 (CAC ¶ 330).

| Stock Sales During Class Period | Date | Net Proceeds After Subtracting Price Paid To Exercise Options |
|---|---|---|
| 12,000[5] | 1-27-21 | $4,258,399 |
| 4,570[6] | 2-5-21 | $2,234,600 |
| 16,237[7] | 7-15-21 | $7,383,923 |
| 12,500[8] | 12-1-21 | $7,418,855 |
| 12,451[9] | 2-27-23 | $2,269,056 |
| **Total Net Proceeds** | | $23,564,833 |

*Defendant Daniel J. Beck (CFO)*

| # of Shares & Vested Stock Options Available During Class Period | # of Shares Sold During Class Period | # of Shares & Vested Stock Options Retained | % of Available Holdings Sold | % of Available Holdings Retained | Losses From Retained Common Stock Shares |
|---|---|---|---|---|---|
| 23,134 | 12,740 | 10,394[10] | 55% | 45% | $1,134,438[11] |

---

[5] Ex. 21. Net proceeds of $4,258,399 = (800 shares sold x $458.0394 per share price) + (1,610 shares sold x $459.2549 per share price) + (1,007 shares sold x $460.3729 per share price) + (1,586 shares sold x $461.3028 per share price) + (2,500 shares sold x $462.1817 per share price) + (1,415 shares sold x $463.1925 per share price) + (500 shares sold x $464.601 per share price) + (512 shares sold x $465.8589 per share price) + (687 shares sold x $466.8285 per share price) + (383 shares sold x $468.0137 per share price) + (200 shares sold x $469.517 per share price) + (490 shares sold x $471.5361 per share price) + (210 shares sold x $472.2731 per share price) + (100 shares sold x $473.20 per share price) - (12,000 shares acquired x $107.98 per share price).

[6] Ex. 22. Net proceeds of $2,234,600 = (4,570 shares sold x $488.9716 per share price).

[7] Ex. 23. Net proceeds of $7,383,923 = (360 shares sold x $574.38 per share price) + (907 shares sold x $576.6243 per share price) + (619 shares sold x $577.87 per share price) + (334 shares sold x $579.107 per share price) + (1,277 shares sold x $580.207 per share price) + (784 shares sold x $581.6141 per share price) + (1,948 shares sold x $582.712 per share price) + (686 shares sold x $584.4507 per share price) + (39 shares sold x $584.76 per share price) + (4,300 shares sold x $587.0635 per share price) + (4,514 shares sold x $587.8871 per share price) + (93 shares sold x $589.3982 per share price) + (221 shares sold x $590.0087 per share price) + (155 shares sold x $591.4653 per share price) - (5,000 + 5,000 + 6,237 shares acquired x $129.81 per share price).

[8] Ex. 24. Net proceeds of $7,418,855 = (283 shares sold x $693.05 per share price) + (1,400 shares sold x $694.77 per share price) + (2,536 shares sold x $695.57 per share price) + (1,300 shares sold x $696.30 per share price) + (1,410 shares sold x $697.70 per share price) + (1,151 shares sold x $700.24 per share price) + (3,538 shares sold x $702.47 per share price) + (882 shares sold x $703.59 per share price) - (4,500 + 4,000 + 4,000 shares acquired x $105.18 per share price).

[10] Ex. 16 at 91. This includes 4,242 retained shares (Ex. 31) and 6,152 shares underlying unexercised but exercisable options (Ex. 16 at 67, 91 n.6).

[11] This is calculated as Mr. Beck's 4,242 retained shares (Ex. 31) multiplied by the alleged $267.43 per share stock decline after March 8, 2023 (CAC ¶ 330).

| Stock Sales During Class Period | Date | Net Proceeds After Subtracting Price Paid To Exercise Options |
|---|---|---|
| 1,489[12] | 2-1-21 | $446,979 |
| 5,221[13] | 6-7/8-21 | $2,006,953 |
| 550[14] | 12-1-21 | $386,370 |
| 2,900[15] | 2-28-22 | $1,725,732 |
| 580[16] | 12-1-22 | $134,380 |
| 2,000[17] | 2-27-23 | $575,180 |
| **Total Net Proceeds** | | $5,275,594 |

### III. THE COURT MAY TAKE JUDICIAL NOTICE OF SEC FILINGS

"Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) (citations omitted); *see*, *e.g.*, *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (taking judicial notice of SEC filing that was not referred to in the complaint).

Courts may take judicial notice of SEC filings, including Forms 10-K, Forms 10-Q, Forms 8-K, and Forms 4, because the authenticity of those documents is not disputed and their accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on motion to dismiss, courts may consider "any matter subject to judicial notice, such as SEC filings"); *see also Intel*, 2019 WL 1427660, at *7 ("SEC filings are routinely subject to judicial notice."); *Yelp*, 2018 WL 6182756, at *4 ("Courts in this circuit have routinely

---

[11] This is calculated as Mr. Beck's 4,242 retained shares (Ex. 31) multiplied by the alleged $267.43 per share stock decline after March 8, 2023 (CAC ¶ 330).

[12] Ex. 26. Net proceeds of $446,979 = (859 + 630 shares sold x $444.66 per share price) - (859 shares acquired x $250.43 per share price).

[13] Ex. 27. Net proceeds of $2,006,953 = (4,619 shares sold x $597.6017 per share price) + (27 shares sold x $598.3193 per share price) + (575 shares sold x $597.60 per share price) - (1,318 shares acquired x $184.86 per share price) - (859 shares acquired x $250.43 per share price) - (1,735 shares acquired x $305.46 per share price) - (734 shares acquired x $169.49 per share price).

[14] Ex. 28. Net proceeds of $386,370 = (550 shares sold x $702.49 per share price).

[15] Ex. 29. Net proceeds of $1,725,732 = (2,900 shares sold x $595.08 per share price).

[16] Ex. 30. Net proceeds of $134,380 = (580 shares sold x $231.69 per share price).

[17] Ex. 31. Net proceeds of $575,180 = (2,000 shares sold x $287.59 per share price).

taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."). Judicial notice provides an additional basis for the Court to consider Exhibits 3-16 & 21-31 which, as detailed above, were also incorporated by reference into the CAC.

In addition, Officer Defendants request that the Court take judicial notice of the following documents filed with the SEC, true and correct copies of which are attached hereto:

| Documents | Exhibit No. |
|---|---|
| SVB's Form 8-K filed with the SEC on September 12, 2022 | 43 |
| SVB's Form 8-K filed with the SEC on December 6, 2022 | 44 |
| Excerpts of SVB's Form 8-K filed with the SEC on January 19, 2023 | 45 |
| Excerpts of Registration statement filed by SVB on November 15, 2019 | 46 |
| Excerpts of SVB's Prospectus Supplements for each of the eleven public securities offerings which took place between January 26, 2021 and April 26, 2022 (together "Offerings" or "Offering Documents") | 47 |
| SVB's Form 8-K filed with the SEC on February 25, 2022 | 49 |

### IV.    THE COURT MAY TAKE JUDICIAL NOTICE OF REPORTS FROM GOVERNMENT AGENCIES

"[T]he content of records and reports of administrative bodies are proper subjects for judicial notice." *Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 969 (N.D. Cal. 2020) (citation omitted). "Because of their perceived reliability, courts have often admitted records taken from websites maintained by government agencies." *Id.* at 969-70 (quoting *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018)); *see also Armani v. Nw. Mut. Life Ins. Co.*, 2017 WL 3174894, at *3 (C.D. Cal. July 24, 2017) (taking judicial notice of "document [that] was downloaded from the Federal Reserve Bank of St. Louis' website"). Judicial notice provides an alternative basis upon which the Court may consider Exhibits 1-2 & 32-38, which are each records or reports from government agencies that are publicly available on those agencies' websites. In addition, Defendants request that the Court take judicial notice of the November 2022 Supervision and Regulation Report published by the Board of Governors of the Federal Reserve System,

available at https://www.federalreserve.gov/publications/files/202211-supervision-and-regulation-report.pdf, a true and correct copy of which is attached hereto as Exhibit 48.

## CONCLUSION

For the foregoing reasons, Officer Defendants respectfully request that the Court take judicial notice of, and/or consider pursuant to the incorporation by reference doctrine and the legal authorities cited herein, Exhibits 1 through 49 attached hereto, and consider them in connection with its adjudication of the Defendants' contemporaneously filed Motions to Dismiss.

Dated: April 3, 2024

JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT
TRISTAN K. ALLEN
**Orrick, Herrington & Sutcliffe LLP**

By: _/s/ James N. Kramer_
JAMES N. KRAMER
Attorneys for Gregory W. Becker

Dated: April 3, 2024

JENNIFER S. WINDOM
BARRY H. BERKE
DARREN A. LAVERNE
KRISTOPHER KASTENS
DANIEL M. KETANI
**Kramer Levin Naftalis & Frankel LLP**

By: _/s/ Jennifer S. Windom_
JENNIFER S. WINDOM
Attorneys for Daniel J. Beck

| | |
|---|---|
| Dated: April 3, 2024 | ADAM S. HAKKI (*pro hac vice*)<br>ahakki@shearman.com<br>DANIEL C. LEWIS (*pro hac vice*)<br>daniel.lewis@shearman.com<br>JOSHUA T. EBERSOLE (*pro hac vice*)<br>joshua.ebersole@shearman.com<br>**Shearman & Sterling LLP**<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 848-4000<br><br>DANIEL H.R. LAGUARDIA (SBN 314654)<br>daniel.laguardia@shearman.com<br>**Shearman & Sterling LLP**<br>140 New Montgomery Street, 10th Floor<br>San Francisco, CA 94105<br>Tel: (415) 616-1145<br><br>By: _____/s/ *Adam S. Hakki*_____<br>ADAM S. HAKKI<br>Attorneys for Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, Keefe, Bruyette & Woods, Inc.<br><br>*(as to Sections I, III, and IV only)* |

| | | |
|---|---|---|
| 1 | Dated: April 3, 2024 | MICHAEL G. BONGIORNO (*pro hac vice*) |
| 2 | | michael.bongiorno@wilmerhale.com<br>**Wilmer Cutler Pickering Hale** |
| 3 | | **and Dorr LLP**<br>7 World Trade Center |
| 4 | | 250 Greenwich Street<br>New York, NY 10007 |
| 5 | | Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888 |
| 6 | | TIMOTHY J. PERLA (*pro hac vice*) |
| 7 | | timothy.perla@wilmerhale.com<br>ERIKA M. SCHUTZMAN (*pro hac vice*) |
| 8 | | erika.schutzman@wilmerhale.com<br>**Wilmer Cutler Pickering Hale** |
| 9 | | **and Dorr LLP**<br>60 State Street |
| 10 | | Boston, MA 02109<br>Telephone: (617) 526-6000 |
| 11 | | Facsimile: (617) 526-5000 |
| 12 | | MICHAEL A. MUGMON (SBN 251958)<br>michael.mugmon@wilmerhale.com |
| 13 | | **Wilmer Cutler Pickering Hale**<br>**and Dorr LLP** |
| 14 | | One Front Street, Suite 3500<br>San Francisco, CA 94111 |
| 15 | | Telephone: (628) 235-1000<br>Facsimile: (628) 235-1001 |
| 16 | | |
| 17 | | By: */s/Michael G. Bongiorno* |
| 18 | | MICHAEL G. BONGIORNO<br>Attorneys for Defendants Eric A. |
| 19 | | Benhamou, Elizabeth Burr, Richard D.<br>Daniels, Alison Davis, Roger F. Dunbar, |
| 20 | | Joel P. Friedman, Jeffrey N.<br>Maggioncalda, Beverly Kay Matthews, |
| 21 | | Mary J. Miller, Kate D. Mitchell, Garen<br>K. Staglin |
| 22 | | *(as to Sections I, III, and IV only)* |

| | |
|---|---|
| Dated: April 3, 2024 | CHRIS JOHNSTONE (SBN 242152)<br>chris.johnstone@wilmerhale.com<br>**Wilmer Cutler Pickering Hale<br>   and Dorr LLP**<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone: (650) 858-6147<br>Facsimile: (650) 858-6100<br><br>PETER G. NEIMAN (*pro hac vice*)<br>peter.neiman@wilmerhale.com<br>JESSICA N. DJILANI (*pro hac vice*)<br>jessica.djilani@wilmerhale.com<br>**Wilmer Cutler Pickering Hale<br>   and Dorr LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888<br><br>By: _____*/s/ Chris Johnstone*_____<br>         CHRIS JOHNSTONE<br>   Attorneys for Defendant Karen Hon<br><br>*(as to Sections I, III, and IV only)* |

Dated: April 3, 2024

RICHARD ZELICHOV (SBN 193858)
richard.zelichov@us.dlapiper.com
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3180
Facsimile: (310) 595-3480

- and -

BRUCE G. VANYO (SBN 60134)
bruce@katten.com
PAUL S. YONG
paul.yong@katten.com
**Katten Muchin Rosenman LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400


By: _____*/s/ Richard Zelichov*_____
RICHARD ZELICHOV
Attorneys for Defendant
John S. Clendening

*(as to Sections I, III, and IV only)*