Adam S. Hakki (appearance *pro hac vice*)
  (adam.hakki@aoshearman.com)
Daniel C. Lewis (appearance *pro hac vice*)
  (daniel.lewis@aoshearman.com)
Joshua T. Ebersole (appearance *pro hac vice*)
  (joshua.ebersole@aoshearman.com)
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, NY  10022
Telephone: 212.848.4000

Daniel H.R. Laguardia (SBN 314654)
  (daniel.laguardia@aoshearman.com)
140 Montgomery Street, 10th Floor
San Francisco, CA  94105
Telephone: 415.796.4160

*Counsel for Defendants Goldman
Sachs & Co. LLC, BofA Securities, Inc.,
Morgan Stanley & Co. LLC, and Keefe,
Bruyette & Woods, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE SVB FINANCIAL GROUP SECURITIES LITIGATION | Master File No. 23-cv-01097-NW<br><br>**UNDERWRITER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:  Honorable Noël Wise |

Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc. (collectively, the "Underwriter Defendants"), by their undersigned counsel, respond as follows to the allegations in Plaintiffs' Consolidated Amended Class Action Complaint, filed January 16, 2024 (ECF No. 88) (the "Complaint"), insofar as they are made against the Underwriter Defendants.

The Underwriter Defendants incorporate into each such response a denial of all allegations in the Complaint, including the charts incorporated into the Complaint (ECF Nos. 88-1 and 88-2),[1] to the extent they (i) suggest that the Offering Documents contain material misstatements or omissions for which the Underwriter Defendants may be held liable; (ii) assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their contents; (iii) suggest that the Underwriter Defendants failed to conduct an adequate due diligence investigation; (iv) suggest that Plaintiffs or members of the Class have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint or any alleged misstatement or omission in connection with the Offerings; (v) suggest that the Underwriter Defendants have any liability under the Complaint; or (vi) suggest that Plaintiffs have standing to sue, and/or to represent the Class, for the claims against the Underwriter Defendants.[2] The Underwriter Defendants deny any averments in the headings and subheadings in the Complaint. The Underwriter Defendants intend to respond only as to allegations directed to the Underwriter Defendants individually, and where the Underwriter Defendants respond to allegations that concern the "Securities Act Defendants," the "Exchange Act Defendants," the "Executive Defendants," or the "Director Defendants" and not the Underwriter Defendants individually, the

---

[1] In the November 30, 2023 Order Consolidating Cases, Appointing Lead Plaintiff, and Settling Case Schedule, the Court deemed Plaintiffs' charts (ECF Nos. 88-1 and 88-2) to be part of the Complaint. *See* ECF No. 82 at 5.

[2] For the sake of clarity, and unless otherwise stated, the Underwriter Defendants herein use the defined terms and phrases set forth in the Complaint. In so doing, however, the Underwriter Defendants do not concede that any such definitions are proper. This includes the term "Offering Documents," which includes the Registration Statement that was filed by Silicon Valley Bank Financial Group ("SVBFG") on November 15, 2019, the prospectus supplement issued for each Offering, and SVBFG's incorporated SEC filings.

Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the other Defendants unless the Underwriter Defendants expressly state otherwise.  The Complaint is replete with references to purported descriptions and/or summaries of, and purported quotations from, various press releases, formal reports, and other documents.  In appropriate cases, the Underwriter Defendants respectfully refer the Court to the relevant documents for a complete and accurate statement of their contents without admitting the truth thereof or the admissibility of the documents.  To the extent that those purported descriptions, summaries, and quotations are taken from sources not specifically identified in the Complaint or not in the Underwriter Defendants' possession, or are otherwise unclear, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the relevant allegations and, in the case of quotations, as to the accuracy of such quotations.

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

To the extent the allegations of the introductory paragraphs on page 1 of the Complaint consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in the introductory paragraphs on page 1 of the Complaint, except admit that Plaintiffs purport to bring the claims described therein on the bases alleged.

1.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

2.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

3.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

4.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

5.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

6.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

7.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

8.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

9.    The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer

such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

10. The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

11. The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

12. The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

13. The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

14. The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

15. The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

16.     The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

17.     The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

18.     The allegations in paragraphs 1–18 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 1–18.

19.     To the extent the allegations in paragraph 19 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 19, except admit that Plaintiffs purport to assert the claims described in paragraph 19 on behalf of all of those who purchased SVB securities in or traceable to the Offerings.

20.     To the extent the allegations in paragraph 20 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Securities Act of 1933 for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 20.

21.     To the extent the allegations in paragraph 21 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 21.

22.     To the extent the allegations in paragraph 22 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter

Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 22.

23.    To the extent the allegations in paragraph 23 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the unidentified document or documents referenced in paragraph 23 for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 23.

24.    To the extent the allegations in paragraph 24 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the unidentified document or documents referenced in paragraph 24 for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 24.

25.    To the extent the allegations in paragraph 25 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 25.

26.    To the extent the allegations in paragraph 26 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 26.

27.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

28.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

29.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

30.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

31.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

32.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

33.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

34.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

35.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

36.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

37.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

38.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

39.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

40.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

41.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

42.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

43.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

44.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

45.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

46.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

47.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

48.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

49.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

50.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

51.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

52.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

53.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

54.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

55.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

56.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

57.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

58.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

59.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

60.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

61.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

62.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

63.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

64.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

65.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

66.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

67.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

68.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

69.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

70.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

71.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

72.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

73.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

74.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

75.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

76.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

77.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

78.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

79.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

80.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

81.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

82.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

83.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

84.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

85.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

86.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

87.      The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

88.      The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

89.      The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

90.      The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

91.      The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

92.      The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

93.      The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

94.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

95.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

96.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

97.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

98.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

99.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

100.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

101.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

102.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

103.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

104.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

105.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

106.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

107.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

108.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

109.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

110.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

111.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

112.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

113.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

114.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

115.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

116.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

117.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

118.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

119.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

1

2

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

3

4

5

6

120.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

7

8

9

10

121.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

11

12

13

14

122.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

15

16

17

18

123.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

19

20

21

22

124.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

23

24

25

26

125.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

27

28

126.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

127.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

128.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

129.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

130.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

131.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

132.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

133. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

134. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

135. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

136. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

137. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

138. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

139.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

140.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

141.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

142.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

143.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

144.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

145.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

146.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

147.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

148.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

149.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

150.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

151.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

152.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

153.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

154.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

155.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

156.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

157.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

158.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

1
2

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

3
4
5
6

159.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

7
8
9
10

160.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

11
12
13
14

161.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

15
16
17
18

162.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

19
20
21
22

163.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

23
24
25
26

164.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

27
28

165.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

166.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

167.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

168.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

169.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

170.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

171.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

172. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

173. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

174. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

175. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

176. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

177. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

178.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

179.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

180.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

181.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

182.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

183.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

184.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

185.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

186.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

187.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

188.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

189.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

190.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

191.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

192.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

193.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

194.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

195.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

196.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

197.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

198.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

199.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

200.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

201.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

202.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

203.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

204.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

205.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

206.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

207.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

208.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

209.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

210.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

1

2

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

3

4

5

6

211.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

7

8

9

10

212.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

11

12

13

14

213.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

15

16

17

18

214.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

19

20

21

22

215.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

23

24

25

26

216.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

27

28

217.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

218.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

219.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

220.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

221.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

222.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

223.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

224.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

225.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

226.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

227.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

228.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

229.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

230.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

231.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

232.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

233.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

234.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

235.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

236.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

237. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

238. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

239. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

240. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

241. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

242. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

243.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

244.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

245.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

246.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

247.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

248.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

249.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

250.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

251.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

252.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

253.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

254.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

255.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

256.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

257.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

258.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

259.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

260.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

261.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

262.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

263. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

264. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

265. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

266. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

267. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

268. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

269.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

270.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

271.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

272.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

273.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

274.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

275.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

276.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

277.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

278.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

279.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

280.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

281.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

282.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

283.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

284.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

285.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

286.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

287.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

288.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

289. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

290. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

291. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

292. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

293. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

294. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

295.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

296.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

297.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

298.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

299.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

300.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

301.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

1

2

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

3

4

5

6

302.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

7

8

9

10

303.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

11

12

13

14

304.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

15

16

17

18

305.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

19

20

21

22

306.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

23

24

25

26

307.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

27

28

308.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

309.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

310.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

311.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

312.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

313.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

314.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

315. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

316. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

317. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

318. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

319. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

320. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

321.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

322.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

323.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

324.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

325.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

326.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

327.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

328.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

329.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

330.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

331.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

332.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

333.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

334.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

335.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

336.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

337.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

338.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

339.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

340.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

1    to answer such allegations. To the extent a response is required, the Underwriter Defendants deny

2    the allegations in paragraphs 27–368, including the footnotes thereto.

3        341.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not

4    directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

5    to answer such allegations. To the extent a response is required, the Underwriter Defendants deny

6    the allegations in paragraphs 27–368, including the footnotes thereto.

7        342.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not

8    directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

9    to answer such allegations. To the extent a response is required, the Underwriter Defendants deny

10    the allegations in paragraphs 27–368, including the footnotes thereto.

11        343.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not

12    directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

13    to answer such allegations. To the extent a response is required, the Underwriter Defendants deny

14    the allegations in paragraphs 27–368, including the footnotes thereto.

15        344.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not

16    directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

17    to answer such allegations. To the extent a response is required, the Underwriter Defendants deny

18    the allegations in paragraphs 27–368, including the footnotes thereto.

19        345.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not

20    directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

21    to answer such allegations. To the extent a response is required, the Underwriter Defendants deny

22    the allegations in paragraphs 27–368, including the footnotes thereto.

23        346.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not

24    directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

25    to answer such allegations. To the extent a response is required, the Underwriter Defendants deny

26    the allegations in paragraphs 27–368, including the footnotes thereto.

27

28

347.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

348.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

349.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

350.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

351.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

352.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

353.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

354.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

355.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

356.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

357.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

358.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

359.    The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

360.   The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

361.   The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

362.   The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

363.   The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

364.   The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

365.   The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

366.   The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required

1
2

to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

3
4
5
6

367. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

7
8
9
10

368. The allegations in paragraphs 27–368 relate to Exchange Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 27–368, including the footnotes thereto.

11
12
13
14
15

369. The Underwriter Defendants deny the allegations in paragraph 369, except admit that that Plaintiffs purport to bring claims "on behalf of all persons or entities who purchased or acquired SVB securities in or traceable to SVB's securities offerings completed on or about February 2, 2021, March 25, 2021, May 13, 2021, August 12, 2021, October 28, 2021, and April 29, 2022 (collectively, the 'Offerings') and were damaged thereby."

16
17
18
19

370. To the extent the allegations in paragraph 370 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 370, except admit that Plaintiffs purport to bring claims on the bases alleged.

20
21
22
23

371. To the extent the allegations in paragraph 371 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 371, except admit that Plaintiffs purport to bring claims pursuant to the statutes cited therein.

24
25
26
27

372. To the extent the allegations in paragraph 372 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 372, except admit that Plaintiffs purport to base jurisdiction over this action on the statutes cited therein.

28

373.   To the extent the allegations in paragraph 373 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 373, except admit that Plaintiffs purport to base venue on the statutes cited therein.

374.   To the extent the allegations in paragraph 374 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 374, except admit that the mails, interstate wire, and telephonic communications and/or the facilities of a national securities market were used in connection with the Offerings.

375.   To the extent the allegations in paragraph 375 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 375, except admit that the Securities Act Plaintiffs submitted certificates in this action purporting to set forth their ownership of SVB securities.

376.   To the extent the allegations in paragraph 376 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of paragraph 376 and therefore deny them. The Underwriter Defendants deny the allegations in the third and fourth sentences of paragraph 376, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities.

377.   To the extent the allegations in paragraph 377 consist of legal arguments or conclusions, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 377 and therefore deny them, (ii) admit the allegations in the second sentence of paragraph 377, and (iii) deny the allegations in the third and

fourth sentences of paragraph 377, except admit that Plaintiff Asbestos Workers submitted a certificate in this action purporting to set forth its ownership of SVB securities.

378.    To the extent the allegations in paragraph 378 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 378 and therefore deny them; (ii) admit the allegations in the second sentence of paragraph 378; and (iii) deny the allegations in the third and fourth sentences of paragraph 378, except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth its ownership of SVB securities.

379.    The Underwriter Defendants deny the allegations in paragraph 379.

380.    To the extent the allegations in paragraph 380 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of the Underwriter Defendants' roles and deny any inconsistent allegations in paragraph 380.

381.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles and deny any inconsistent allegations in paragraph 381.

382.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Keefe's roles and deny any inconsistent allegations in paragraph 382.

383.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles and deny any inconsistent allegations in paragraph 383.

384.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's role and deny any inconsistent allegations in paragraph 384.

385.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of BofA's role and deny any inconsistent allegations in paragraph 385.

386.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Morgan Stanley's roles and deny any inconsistent allegations in paragraph 386.

387.    To the extent the allegations in paragraph 387 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 387.

388.    To the extent the allegations in paragraph 388 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Gregory W. Becker's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 388.

389.    To the extent the allegations in paragraph 389 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Daniel J. Beck's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 389.

390.    To the extent the allegations in paragraph 390 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Karen Hon's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 390.

391.    To the extent the allegations in paragraph 391 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the

1

2

Court to the referenced Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 391.

3

4

5

6

7

392.    To the extent the allegations in paragraph 392 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Roger Dunbar's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 392.

8

9

10

11

12

393.    To the extent the allegations in paragraph 393 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Eric Benhamou's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 393.

13

14

15

16

394.    To the extent the allegations in paragraph 394 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Elizabeth Burr's role and deny any inconsistent allegations in paragraph 394.

17

18

19

20

21

395.    To the extent the allegations in paragraph 395 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of John Clendening's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 395.

22

23

24

25

26

396.    To the extent the allegations in paragraph 396 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Richard Daniels's role and deny any inconsistent allegations in paragraph 396.

27

28

397.    To the extent the allegations in paragraph 397 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Alison Davis's role and deny any inconsistent allegations in paragraph 397.

398.    To the extent the allegations in paragraph 398 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Joel Friedman's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 398.

399.    To the extent the allegations in paragraph 399 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Jefferey Maggioncalda's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 399.

400.    To the extent the allegations in paragraph 400 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Beverly Kay Matthews's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 400.

401.    To the extent the allegations in paragraph 401 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Mary J. Miller's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 401.

402.    To the extent the allegations in paragraph 402 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering

1
2
Documents for a description of Kate Mitchell's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 402.

3
4
5
6
7
403.    To the extent the allegations in paragraph 403 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a description of Garen Staglin's role and a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 403.

8
9
10
11
12
404.    To the extent the allegations in paragraph 404 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 404.

13
14
15
405.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and a description of the referenced offerings and deny any inconsistent allegations in paragraph 405.

16
17
18
19
20
406.    To the extent the allegations in paragraph 406 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and a description of the referenced offerings and deny any inconsistent allegations in paragraph 406.

21
22
23
407.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 407.

24
25
26
408.    To the extent the allegations in paragraph 408 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a

27
28

complete and accurate statement of their contents and a description of the referenced offering and deny any inconsistent allegations in paragraph 408.

409.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 409.

410.    To the extent the allegations in paragraph 410 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and a description of the referenced offerings and deny any inconsistent allegations in paragraph 410.

411.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 411.

412.    To the extent the allegations in paragraph 412 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and a description of the referenced offering and deny any inconsistent allegations in paragraph 412.

413.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 413.

414.    To the extent the allegations in paragraph 414 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and a description of the referenced offerings and deny any inconsistent allegations in paragraph 414.

415.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 415.

416.    To the extent the allegations in paragraph 416 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and a description of the referenced offerings and deny any inconsistent allegations in paragraph 416.

417.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 417.

418.    To the extent the allegations in paragraph 418 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents and SVBFG's SEC filings for a description of the referenced offerings and deny any inconsistent allegations in paragraph 418.

419.    The Underwriter Defendants deny the allegations in paragraph 419.

420.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 420.

421.    The Underwriter Defendants deny the allegations in paragraph 421.

422.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 422.

423.    The Underwriter Defendants deny the allegations in paragraph 423.

424. The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 424.

425. The Underwriter Defendants deny the allegations in paragraph 425.

426. The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 426.

427. The Underwriter Defendants deny the allegations in paragraph 427.

428. The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 428.

429. The Underwriter Defendants deny the allegations in paragraph 429.

430. The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 430, including the footnote thereto.

431. The Underwriter Defendants deny the allegations in paragraph 431.

432. The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 432.

433. The Underwriter Defendants deny the allegations in paragraph 433.

434. The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 434.

435. The Underwriter Defendants deny the allegations in paragraph 435.

436. The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 436.

437.    The Underwriter Defendants deny the allegations in paragraph 437.

438.    The Underwriter Defendants deny the allegations in paragraph 438.

439.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 439.

440.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 440.

441.    The Underwriter Defendants deny the allegations in paragraph 441.

442.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 442, including the footnote thereto.

443.    The Underwriter Defendants deny the allegations in paragraph 443.

444.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 444.

445.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 445.

446.    To the extent the allegations in paragraph 446 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 446.

447.    To the extent the allegations in paragraph 447 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 447.

448.     To the extent the allegations in paragraph 448 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 448.

449.     To the extent the allegations in paragraph 449 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 449.

450.     To the extent the allegations in paragraph 450 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 450.

451.     To the extent the allegations in paragraph 451 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 451.

452.     To the extent the allegations in paragraph 452 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 452.

453.     The Underwriter Defendants deny the allegations in paragraph 453.

454.     The Underwriter Defendants deny the allegations in paragraph 454.

455.     The Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 455.

456.     The Underwriter Defendants deny the allegations in paragraph 456.

457.     To the extent the allegations in paragraph 457 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents and referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 457.

458.    To the extent the allegations in paragraph 458 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 458.

459.    To the extent the allegations in paragraph 459 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 459.

460.    To the extent the allegations in paragraph 460 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 460.

461.    To the extent the allegations in paragraph 461 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 461.

462.    The Underwriter Defendants deny the allegations in paragraph 462.

463.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents, SEC filings, and market analyst report for a complete and accurate statement of their contents and deny any inconsistent allegations paragraph 463.

464.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 464.

465.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letters and report for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 465, including the footnotes thereto.

466.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letters for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 466, including the footnotes thereto.

467.    The Underwriter Defendants deny that the allegations in paragraph 467 provide a fair and accurate statement of the matters described therein and therefore deny them.

468.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letters for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 468, including the footnotes thereto.

469.    The Underwriter Defendants (i) deny that the allegations in the first sentence of paragraph 469 provide a fair and accurate statement of the matters described therein and therefore deny them; (ii) respectfully refer the Court to the referenced inspection report for a complete and accurate statement of its contents and deny any inconsistent allegations in the second and third sentences of paragraph 469, including the footnotes thereto; (iii) deny the allegations in the fourth sentence of paragraph 469; and (iv) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth and sixth sentences of paragraph 469, including the footnotes thereto, and therefore deny them.

470.    The Underwriter Defendants (i) deny that the allegations in the first sentence of paragraph 470 provide a fair and accurate statement of the matters described therein and therefore deny them, and (ii) respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in the remaining sentences of paragraph 470, including the footnotes thereto.

471.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 471 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 471 and therefore deny them.

472.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 472.

473.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 473, including the footnote thereto.

474.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 474, including the footnote thereto.

475.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 475.

476.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 476, including the footnotes thereto.

477.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 477, including the footnote thereto.

478.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 478, including the footnotes thereto.

479.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 479, including the footnotes thereto.

480.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 480, including the footnote thereto.

481.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 481, including the footnotes thereto.

482.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 482 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 482 and therefore deny them, including the footnote thereto.

483.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 483, including the footnotes thereto.

484.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 484.

485.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 485, including the footnote thereto.

486.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 486, including the footnotes thereto.

487.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 487, including the footnotes thereto.

488.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 488, including the footnotes thereto.

489.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 489, including the footnotes thereto.

490.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letters for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 490, including the footnotes thereto.

491.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 491.

492.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 492.

493.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 493, including the footnote thereto.

494.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance and letter for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 494, including the footnotes thereto.

495.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance and letter for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 495.

496.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 496, including the footnotes thereto.

497.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 497 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 497 and therefore deny them, including the footnote thereto.

498.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 498 and therefore deny them.

499.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 499 and therefore deny them, including the footnote thereto.

500.    To the extent the allegations in paragraph 500 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced report and supervisory letter

for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 500, including the footnotes thereto.

501.    To the extent the allegations in paragraph 501 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced report and regulation for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 501.

502.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its content and deny any inconsistent allegations in paragraph 502.

503.    To the extent the allegations in paragraph 503 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations in paragraph 503 provide a fair and accurate statement of the matters described therein and therefore deny them.

504.    The Underwriter Defendants respectfully refer the Court to the referenced report and supervisory letter for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 504, including the footnotes thereto.

505.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 505, including the footnote thereto.

506.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 506 and therefore deny them, including the footnotes thereto.

507.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 507 and therefore deny them, including the footnote thereto.

508.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 508.

509.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 509.

510.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 510, including the footnote thereto.

511.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 511, including the footnotes thereto.

512.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 512, including the footnotes thereto.

513.    The Underwriter Defendants (i) respectfully refer the Court to the referenced market analyst reports and Federal Reserve statements for a complete and accurate statement of their contents and deny any inconsistent allegations in the first and third sentences of paragraph 513, including the footnotes thereto; (ii) deny that the allegations in the second and fourth sentences of paragraph 513 provide a fair and accurate statement of the matters described therein and therefore deny them; and (iii)  respectfully refer the Court to the referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in the fifth sentence of paragraph 513.

514.    The Underwriter Defendants respectfully refer the Court to the referenced report for a complete and accurate statement of its content and deny any inconsistent allegations in paragraph 514.

515.    The Underwriter Defendants respectfully refer the Court to the referenced SEC filings, supervisory letter, and report for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 515, including the footnotes thereto.

516.    The Underwriter Defendants respectfully refer the Court to the referenced report and supervisory letter for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 516, including the footnotes thereto.

517.    The Underwriter Defendants respectfully refer the Court to the referenced report for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 517.

518.    The Underwriter Defendants respectfully refer the Court to the referenced report for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 518.

519.    The Underwriter Defendants respectfully refer the Court to the referenced report and *Washington Post* article for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 519, including the footnotes thereto.

520.    The Underwriter Defendants respectfully refer the Court to the referenced *Washington Post* article for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 520, including the footnotes thereto.

521.    The Underwriter Defendants respectfully refer the Court to the referenced report for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 521.

522.    The Underwriter Defendants respectfully refer the Court to the referenced report for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 522.

523.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 523, including the footnotes thereto.

524. The Underwriter Defendants deny the allegations in paragraph 524.

525. The Underwriter Defendants respectfully refer the Court to the referenced *Financial Times* article for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 525, including the footnote thereto.

526. The Underwriter Defendants deny the allegations in the first sentence of paragraph 526 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 526 and therefore deny them.

527. To the extent the allegations in paragraph 527 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of the contents therein regarding SVB's access to liquidity and deny any inconsistent allegations in paragraph 527.

528. The Underwriter Defendants deny the allegations in paragraph 528.

529. The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and GAO report for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 529, including the footnotes thereto.

530. The Underwriter Defendants respectfully refer the Court to the referenced supervisory letters for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 530, including the footnotes thereto.

531. The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and GAO report for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 531, including the footnote thereto.

532. The Underwriter Defendants (i) deny that the allegations in the first sentence of paragraph 532 provide a fair and accurate statement of the matters described therein and therefore deny them, and (ii) respectfully refer the Court to the referenced working paper for a complete and accurate statement of its contents and deny any inconsistent allegations in the second sentence of paragraph 532.

533.     The Underwriter Defendants (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 533 regarding the practices of "all banks," which is not knowable, and therefore deny the allegations in the first sentence of paragraph 533 and (ii) respectfully refer the Court to the referenced supervisory letter and *New York Times* article for a complete and accurate statement of their contents and deny any inconsistent allegations in the remaining sentences of paragraph 533, including the footnotes thereto.

534.     The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 534, including the footnotes thereto.

535.     The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and GAO report for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 535, including the footnotes thereto.

536.     To the extent the allegations in paragraph 536 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced banking regulations and supervisory guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 536.

537.     To the extent the allegations in paragraph 537 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 537.

538.     The Underwriter Defendants respectfully refer the Court to the referenced examination report for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 538, including the footnote thereto.

539.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 539, including the footnotes thereto.

540.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 540, including the footnote thereto.

541.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 541 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 541 and therefore deny them, including the footnote thereto.

542.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 542 and therefore deny them.

543.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 543 and therefore deny them.

544.    To the extent the allegations in paragraph 544 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 544.

545.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 545, including the footnotes thereto.

546.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 546, including the footnotes thereto.

547.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 547, including the footnote thereto.

548.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 548, including the footnotes thereto.

549.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 549 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 549, including the footnote thereto, and therefore deny them.

550.    The Underwriter Defendants deny the allegations in the first sentence of paragraph 550 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 550 and therefore deny them.

551.    The Underwriter Defendants respectfully refer the Court to SVBFG's SEC filings and the referenced Offering Documents for a description of SVB's securities holdings and classifications at the time of each Offering and deny any inconsistent allegations in paragraph 551.

552.    The Underwriter Defendants respectfully refer the Court to the Offering Documents and SVBFG's SEC filings for a description of SVB's securities holdings and classifications at the time of each Offering and deny any inconsistent allegations in paragraph 552.

553.    The Underwriter Defendants respectfully refer the Court to the referenced accounting rules and standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 553.

554.    The Underwriter Defendants deny the allegations in paragraph 554.

555.    The Underwriter Defendants (i) deny that the allegations in the first and second sentences of paragraph 555 provide a fair and accurate statement of the matters described therein and therefore deny them and (ii) respectfully refer the Court to the referenced regulation for a complete and accurate statement of its contents and deny any inconsistent allegations in the remaining sentences of paragraph 555.

556.    The Underwriter Defendants respectfully refer the Court to the referenced accounting standards for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 556.

557.    The Underwriter Defendants respectfully refer the Court to the referenced *Corporate Finance Institute* article and SVB shareholder letter for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 557, including the footnotes thereto.

558.    The Underwriter Defendants respectfully refer the Court to the referenced PricewaterhouseCoopers guide, accounting standard, and KPMG guide for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 558, including the footnotes thereto.

559.    The Underwriter Defendants respectfully refer the Court to the referenced PricewaterhouseCoopers guide and KPMG guide for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 559.

560.    The Underwriter Defendants respectfully refer the Court to the referenced accounting standards and Ernst & Young guide for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 560.

561.    The Underwriter Defendants deny that the allegations in paragraph 561 provide a fair and accurate statement of the matters described therein and therefore deny them.

562.    The Underwriter Defendants respectfully refer the Court to the referenced Ernst & Young guide and Federal Reserve report for a complete and accurate statement of their contents and to the Offering Documents and SVBFG's SEC filings for a description of SVB's securities holdings and classifications at the time of each Offering and deny any inconsistent allegations in paragraph 562.

563.    The Underwriter Defendants deny the allegations in paragraph 563.

564.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 564 and therefore deny them.

565.    The Underwriter Defendants deny the allegations in the first and third sentences of paragraph 565 and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 565, including the footnote thereto, and therefore deny them.

566.    The Underwriter Defendants respectfully refer the Court to the referenced accounting standards and KPMG guide for a complete and accurate statement of their contents and deny any inconsistent allegations in the first sentence of paragraph 566 and deny the allegations in the second sentence of paragraph 566.

567.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its content and deny any inconsistent allegations in paragraph 567, including the footnote thereto.

568.    The Underwriter Defendants respectfully refer the Court to the referenced accounting standards, supervisory letter, and *Financial Times* article for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 568, including the footnotes thereto.

569.    The Underwriter Defendants deny the allegations in paragraph 569.

570.    The Underwriter Defendants deny the allegations in paragraph 570.

571.    To the extent the allegations in paragraph 571 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced regulations for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 571.

572.    The Underwriter Defendants deny the allegations in paragraph 572.

573.    The Underwriter Defendants deny the allegations in paragraph 573.

574.    To the extent the allegations in paragraph 574 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 574, including the footnotes thereto.

575.    To the extent the allegations in paragraph 575 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards

for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 575.

576.    To the extent the allegations in paragraph 576 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 576.

577.    To the extent the allegations in paragraph 577 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 577.

578.    To the extent the allegations in paragraph 578 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 578.

579.    To the extent the allegations in paragraph 579 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 579.

580.    To the extent the allegations in paragraph 580 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 580.

581.    To the extent the allegations in paragraph 581 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced statute and regulation for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 581.

582.    To the extent the allegations in paragraph 582 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 582.

583.    To the extent the allegations in paragraph 583 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced AICPA publication for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 583.

584.    To the extent the allegations in paragraph 584 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced AICPA publication for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 584.

585.    To the extent the allegations in paragraph 585 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 585.

586.    To the extent the allegations in paragraph 586 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is

required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 586.

587.    To the extent the allegations in paragraph 587 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 587.

588.    To the extent the allegations in paragraph 588 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 588.

589.    To the extent the allegations in paragraph 589 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced supervisory letter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 589, including the footnote thereto.

590.    To the extent the allegations in paragraph 590 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 590.

591.    To the extent the allegations in paragraph 591 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 591.

592.    To the extent the allegations in paragraph 592 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards

for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 592.

593.    To the extent the allegations in paragraph 593 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 593.

594.    To the extent the allegations in paragraph 594 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) respectfully refer the Court to the referenced auditing standards for a complete and accurate statement of their contents and deny any inconsistent allegations in the first and second sentences of paragraph 594, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 594 and therefore deny them, including the footnotes thereto.

595.    To the extent the allegations in paragraph 595 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced *Reuters* and *Wall Street Journal* articles for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 595, including the footnotes thereto.

596.    To the extent the allegations in paragraph 596 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 596.

597.    To the extent the allegations in paragraph 597 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced accounting standards for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 597.

598.    The Underwriter Defendants deny the allegations in paragraph 598.

599.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and SEC filing for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 599.

600.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents, SEC filings, and FDIC guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 600.

601.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents, Federal Reserve Bank of San Francisco publication, and KPMG publication for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 601.

602.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and supervisory guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 602.

603.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 603.

604.    The Underwriter Defendants respectfully refer the Court to the referenced Offering Documents and statement by Paul Munter for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 604.

605.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory report and letters for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 605, including the footnotes thereto.

606.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letter and communications from the Federal Reserve to SVB for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 606.

607.    The Underwriter Defendants respectfully refer the Court to the referenced supervisory letters for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 607, including the footnotes thereto.

608.    The Underwriter Defendants respectfully refer the Court to the referenced draft memorandum for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 608, including the footnote thereto.

609.    The Underwriter Defendants respectfully refer the Court to the referenced securities analyst reports and deny any inconsistent allegations in paragraph 609.

610.    The Underwriter Defendants deny the allegations in paragraph 610.

611.    The Underwriter Defendants respectfully refer the Court to the referenced *New York Times* article for a complete and accurate statement of its contents and to publicly reported market services for a description of the trading prices for SVBFG securities and deny any inconsistent allegations in paragraph 611.

612.    The Underwriter Defendants deny the allegations in paragraph 612.

613.    To the extent the allegations in paragraph 613 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Securities Act for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 613.

614.    The Underwriter Defendants deny the allegations in paragraph 614.

615.    The Underwriter Defendants deny the allegations in paragraph 615.

616.    To the extent the allegations in paragraph 616 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 616 and respectfully refer the Court to the Offering Documents and referenced SEC filings for a description of the roles of SVB's board of directors, including its committees, and the roles of the Executive and Director Defendants as of the time of the Offerings and deny any inconsistent allegations in paragraph 616.

617.    To the extent the allegations in paragraph 617 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 617 and therefore deny them.

618.    To the extent the allegations in paragraph 618 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced auditing standards and Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 618.

619.    To the extent the allegations in paragraph 619 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced statute and regulation for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 619.

620.    To the extent the allegations in paragraph 620 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations in paragraph 620 provide a fair and accurate statement of the matters described therein and therefore deny them and respectfully refer the Court to the referenced publication and the Securities Act for a complete and accurate statement of their contents.

621.    To the extent the allegations in paragraph 621 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations in paragraph 621 provide a fair and accurate statement of the matters described therein and therefore deny them.

622.    To the extent the allegations in paragraph 622 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in the third sentence of paragraph 622 and deny that the

remaining allegations in paragraph 622 provide a fair and accurate statement of the matters described therein and therefore deny them.

623.    The Underwriter Defendants deny the allegations in paragraph 623, including the footnote thereto.

624.    To the extent the allegations in paragraph 624 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations in paragraph 624, including the footnote thereto, provide a fair and accurate statement of the matters described therein and therefore deny them.

625.    The Underwriter Defendants deny the allegations in paragraph 625.

626.    To the extent the allegations in paragraph 626 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Risk Committee Charters, supervisory letters, and Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 626, including the footnotes thereto.

627.    To the extent the allegations in paragraph 627 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Federal Reserve report and supervisory letter for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 627, including the footnote thereto.

628.    To the extent the allegations in paragraph 628 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 628, including the footnote thereto.

629.    To the extent the allegations in paragraph 629 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is

required, the Underwriter Defendants respectfully refer the Court to the referenced examination report and Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 629, including the footnote thereto.

630.    To the extent the allegations in paragraph 630 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Risk Committee Charters for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 630.

631.    To the extent the allegations in paragraph 631 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 631, including the footnotes thereto.

632.    To the extent the allegations in paragraph 632 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Risk Committee Charter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 632.

633.    To the extent the allegations in paragraph 633 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 633, including the footnote thereto.

634.    To the extent the allegations in paragraph 634 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Risk Committee Charter for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 634.

635.    To the extent the allegations in paragraph 635 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 635, including the footnotes thereto.

636.    To the extent the allegations in paragraph 636 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 636.

637.    To the extent the allegations in paragraph 637 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced statute and regulation for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 637.

638.    The Underwriter Defendants deny the allegations in paragraph 638, including the footnotes thereto.

639.    The Underwriter Defendants deny the allegations in paragraph 639, including the footnotes thereto.

640.    The Underwriter Defendants deny the allegations in paragraph 640, including the footnotes thereto.

641.    The Underwriter Defendants deny the allegations in paragraph 641.

642.    The Underwriter Defendants deny the allegations in paragraph 642.

643.    The Underwriter Defendants deny the allegations in paragraph 643.

644.    To the extent the allegations in paragraph 644 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the publicly reported market services for a description of the trading prices for SVBFG securities, SVBFG's SEC filings for a description of the reported sales of SVBFG securities as of the dates of those filings, the Offering Documents for a complete and accurate statement of their contents, and the referenced Federal Reserve document or

documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 644.

645.    The Underwriter Defendants respectfully refer the Court to the publicly reported market services for a description of the trading prices for SVBFG securities and deny any inconsistent allegations in paragraph 645.

646.    The Underwriter Defendants respectfully refer the Court to the publicly reported market services for a description of the trading prices for SVBFG securities and deny any inconsistent allegations in paragraph 646.

647.    Paragraph 647 contains no allegations, and, therefore, no response is required or appropriate.

648.    To the extent the allegations in paragraph 648 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 648, except admit that Plaintiffs purport to bring the claim described therein.

649.    To the extent the allegations in paragraph 649 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 649, except admit that Plaintiffs purport to bring the claim on the bases alleged.

650.    To the extent the allegations in paragraph 650 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) admit the allegations in the first sentence of paragraph 650, (ii) deny the allegations in the second sentence of paragraph 650, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in the third sentence of paragraph 650.

651.    To the extent the allegations in paragraph 651 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 651,

except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 651.

652.    To the extent the allegations in paragraph 652 consist of legal arguments or conclusions, no response is required or appropriate.    To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 652, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 652.

653.    To the extent the allegations in paragraph 653 consist of legal arguments or conclusions, no response is required or appropriate.    To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 653, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 653.

654.    To the extent the allegations in paragraph 654 consist of legal arguments or conclusions, no response is required or appropriate.    To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 654, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 654.

655.    To the extent the allegations in paragraph 655 consist of legal arguments or conclusions, no response is required or appropriate.    To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 655.

656.    To the extent the allegations in paragraph 656 consist of legal arguments or conclusions, no response is required or appropriate.    To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 656,

except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 656.

657. To the extent the allegations in paragraph 657 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 657, except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 657.

658. To the extent the allegations in paragraph 658 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first and third sentences of paragraph 658, except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the second and fourth sentences of paragraph 658.

659. To the extent the allegations in paragraph 659 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 659, except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 659.

660. To the extent the allegations in paragraph 660 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 660, except admit that Plaintiff Asbestos Workers submitted a certificate in this action purporting to set

forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 660.

661.    The Underwriter Defendants deny the allegations in paragraph 661.

662.    To the extent the allegations in paragraph 662 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 662.

663.    To the extent the allegations in paragraph 663 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 663.

664.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offerings and deny any inconsistent allegations in paragraph 664.

665.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Keefe's roles in the March 2021 Offering and deny any inconsistent allegations in paragraph 665.

666.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offerings and deny any inconsistent allegations in paragraph 666.

667.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's role in the referenced offering and deny any inconsistent allegations in paragraph 667.

668.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of BofA's role in the referenced offerings and deny any inconsistent allegations in paragraph 668.

669.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Morgan Stanley's roles in the referenced offerings and deny any inconsistent allegations in paragraph 669.

670.    To the extent the allegations in paragraph 670 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in the first sentence of paragraph 670 and deny the allegations in the second sentence of paragraph 670.

671.    The Underwriter Defendants deny the allegations in paragraph 671.

672.    To the extent the allegations in paragraph 672 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 672, except admit that the mails, interstate wire, and telephonic communications and/or the facilities of a national securities exchange were used in connection with the Offerings.

673.    The Underwriter Defendants deny the allegations in paragraph 673.

674.    The Underwriter Defendants deny the allegations in paragraph 674.

675.    The Underwriter Defendants deny the allegations in paragraph 675.

676.    The Underwriter Defendants deny the allegations in paragraph 676.

677.    The Underwriter Defendants deny the allegations in paragraph 677.

678.    Paragraph 678 contains no allegations, and, therefore, no response is required or appropriate.

679.    To the extent the allegations in paragraph 679 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 679, except admit that Plaintiffs purport to bring the claim described therein and on the bases alleged.

680.    To the extent the allegations in paragraph 680 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 680.

681.    To the extent the allegations in paragraph 681 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 681, except admit that Plaintiffs purport to bring the claim described therein.

682.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offerings and deny any inconsistent allegations in paragraph 682.

683.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Keefe's roles in the referenced offerings and deny any inconsistent allegations in paragraph 683.

684.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offerings and deny any inconsistent allegations in paragraph 684.

685.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's role in the referenced offering and deny any inconsistent allegations in paragraph 685.

686.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of BofA's role in the referenced offerings and deny any inconsistent allegations in paragraph 686.

687.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Morgan Stanley's roles in the referenced offerings and deny any inconsistent allegations in paragraph 687.

688.    To the extent the allegations in paragraph 688 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the

Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the Offerings and deny any inconsistent allegations in paragraph 688.

689.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the Offerings and deny any inconsistent allegations in paragraph 689.

690.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offering and deny any inconsistent allegations in paragraph 690.

691.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offering and deny any inconsistent allegations in paragraph 691.

692.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Keefe's roles in the referenced offering and deny any inconsistent allegations in paragraph 692.

693.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offering and deny any inconsistent allegations in paragraph 693.

694.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's and BofA's roles in the referenced offering and deny any inconsistent allegations in paragraph 694.

695.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's role in the referenced offering and deny any inconsistent allegations in paragraph 695.

696.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of BofA's role in the referenced offerings and deny any inconsistent allegations in paragraph 696.

697.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of BofA's role in the referenced offering and deny any inconsistent allegations in paragraph 697.

698.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Goldman's, BofA's, and Morgan Stanley's roles in the referenced offerings and deny any inconsistent allegations in paragraph 698.

699.    To the extent the allegations in paragraph 699 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) admit the allegations in the first sentence of paragraph 699, (ii) deny the allegations in the second sentence of paragraph 699, and (iii) respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents and deny any inconsistent allegations in the third sentence of paragraph 699.

700.    The Underwriter Defendants deny the allegations in paragraph 700.

701.    To the extent the allegations in paragraph 701 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 701, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 701.

702.    To the extent the allegations in paragraph 702 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 702, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 702.

703.    To the extent the allegations in paragraph 703 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the

1

2

3

4

Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 703, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 703.

5

6

7

8

9

10

704.    To the extent the allegations in paragraph 704 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 704, except admit that Lead Plaintiff Norges submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 704.

11

705.    The Underwriter Defendants deny the allegations in paragraph 705.

12

13

14

15

16

17

706.    To the extent the allegations in paragraph 706 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 706, except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 706.

18

19

20

21

22

23

707.    To the extent the allegations in paragraph 707 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 707, except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 707.

24

25

26

27

708.    To the extent the allegations in paragraph 708 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 708, except admit that Plaintiff Local 12 Funds submitted a certificate in this action purporting to set forth

28

its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 708.

709.    To the extent the allegations in paragraph 709 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations in the first through third sentences of paragraph 709, except admit that Plaintiff Asbestos Workers submitted a certificate in this action purporting to set forth its ownership of SVB securities, and (ii) respectfully refer the Court to the referenced Offering Documents and deny any inconsistent allegations in the fourth sentence of paragraph 709.

710.    The Underwriter Defendants deny the allegations in paragraph 710.

711.    The Underwriter Defendants deny the allegations in paragraph 711.

712.    To the extent the allegations in paragraph 712 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 712, except admit that the mails, interstate wire, and telephonic communications and/or the facilities of a national securities exchange were used in connection with the Offerings.

713.    The Underwriter Defendants deny the allegations in paragraph 713.

714.    The Underwriter Defendants deny the allegations in paragraph 714.

715.    The Underwriter Defendants deny the allegations in paragraph 715.

716.    The Underwriter Defendants deny the allegations in paragraph 716.

717.    The Underwriter Defendants deny any allegations in paragraph 717.

718.    The allegations in paragraphs 718–723 are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent Plaintiffs repeat and reallege allegations to which the Underwriter Defendants have already responded, the Underwriter Defendants incorporate the responses to such allegations herein.

719.    The allegations in paragraphs 718–723 are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent

Plaintiffs repeat and reallege allegations to which the Underwriter Defendants have already responded, the Underwriter Defendants incorporate the responses to such allegations herein.

720.    The allegations in paragraphs 718–723 are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent Plaintiffs repeat and reallege allegations to which the Underwriter Defendants have already responded, the Underwriter Defendants incorporate the responses to such allegations herein.

721.    The allegations in paragraphs 718–723 are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent Plaintiffs repeat and reallege allegations to which the Underwriter Defendants have already responded, the Underwriter Defendants incorporate the responses to such allegations herein.

722.    The allegations in paragraphs 718–723 are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent Plaintiffs repeat and reallege allegations to which the Underwriter Defendants have already responded, the Underwriter Defendants incorporate the responses to such allegations herein.

723.    The allegations in paragraphs 718–723 are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent Plaintiffs repeat and reallege allegations to which the Underwriter Defendants have already responded, the Underwriter Defendants incorporate the responses to such allegations herein.

724.    To the extent the allegations in paragraph 724 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in paragraph 724.

725.    To the extent the allegations in paragraph 725 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to SVBFG's SEC filings for a description of SVB's outstanding securities as of the time of those filings and to the Offering Documents for the

volume and value of securities offered in the Offerings and deny any inconsistent allegations in paragraph 725.

726.    To the extent the allegations in paragraph 726 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 726.

727.    To the extent the allegations in paragraph 727 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 727.

728.    To the extent the allegations in paragraph 728 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 728.

729.    To the extent the allegations in paragraph 729 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 729.

The Underwriter Defendants deny that Plaintiffs or members of the proposed Class are entitled to the requested relief, or any relief against the Underwriter Defendants, and the Underwriter Defendants request that the Court dismiss all claims against them with prejudice, enter judgment in their favor and against Plaintiffs, award them attorneys' fees, costs, and expenses, and order such further relief as the Court deems proper.

The Underwriter Defendants deny the allegations in the jury demand, except admit that Plaintiffs purport to demand a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

The Underwriter Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Underwriter Defendants do not assume any burden of proof, persuasion, or

production with respect to any issue where the applicable law places the burden upon Plaintiffs and members of the Class.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because they did not make any material misstatements or material omissions, the Offering Documents bespoke caution about the risks of investing in SVBFG, and the Underwriter Defendants are not responsible in law or fact for any material misstatement or material omissions by others.

## THIRD DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because they had no duty to disclose any facts allegedly not disclosed.

## FOURTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because any alleged misrepresentations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

## FIFTH DEFENSE

The Underwriter Defendants acted at all times in good faith and had no knowledge and were not reckless in not knowing that any alleged statement or omission was false or misleading.

## SIXTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because the substance of any information that was allegedly misrepresented in and/or omitted from the Offering Documents was, in fact, represented accurately and/or disclosed.

## SEVENTH DEFENSE

Any allegedly material information allegedly omitted from the Offering Documents was already disclosed and/or publicly known.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH DEFENSE

Plaintiffs and proposed Class members lack standing to maintain some or all of their claims under Section 11 of the Securities Act to the extent the Lead Plaintiff and members of the proposed Class did not purchase stock in or traceable to the Offerings.

## NINTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because they had, after reasonable and diligent investigation, reasonable grounds to believe and did believe, at the time the offering materials became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## TENTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed class to the extent that the acts or omissions alleged in the Complaint relate to portions of the Offering Documents reviewed by experts retained to assist in preparing such documents, and the Underwriter Defendants had no reasonable grounds to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## ELEVENTH DEFENSE

The conduct of persons and/or entities other than Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs and members of the proposed class.

## TWELFTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class for any damages to the extent Plaintiffs and members of the proposed Class have incurred no legally cognizable injury or damages.

### THIRTEENTH DEFENSE

Plaintiffs and members of the proposed Class's claims against Underwriter Defendants are barred in whole, or in part, because the alleged damages or other injuries were caused solely by the acts or omissions of the Plaintiffs and members of the proposed Class or others over whom the Underwriter Defendants had no control.

### FOURTEENTH DEFENSE

In the event one or more defendants enters into a settlement with the Plaintiffs, any subsequent judgment against the Underwriter Defendants must be reduced by the greater of the dollar value of the settlement or the amount of the settling defendants' proportionate liability.

### FIFTEENTH DEFENSE

Plaintiffs and members of the proposed Class's claims against the Underwriter Defendants are barred in whole, or in part, because of Plaintiffs and members of the proposed Class's inequitable conduct and unclean hands and/or the doctrines of waiver, estoppel, and laches.

### SIXTEENTH DEFENSE

Plaintiffs and members of the proposed Class's claims are not properly maintainable as a class action.

### SEVENTEENTH DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, and if any of the Plaintiffs and members of the proposed Class were aware of that statement or omission, then such Plaintiffs and members of the proposed Class cannot prevail.

### EIGHTEENTH DEFENSE

Plaintiffs and members of the proposed Class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

### NINETEENTH DEFENSE

Plaintiffs and members of the proposed Class are not entitled to recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the

exercise of reasonable care could not have known, of the alleged misstatements or omissions of fact in the Offering Documents.

### TWENTIETH DEFENSE

None of the Underwriter Defendants are liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

### TWENTY-FIRST DEFENSE

Plaintiffs and members of the proposed Class's claims are barred in whole, or in part, because certain of the challenged statements contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were either not honestly held or contained embedded statements of false, material facts.

### TWENTY-SECOND DEFENSE

Plaintiffs and members of the proposed Class's claims are barred in whole, or in part, because the Offering Documents complied with applicable statutes, rules, and regulations of the SEC and any other statutes, rules, or regulations in effect at the time of the conduct alleged in the Complaint.

### TWENTY-THIRD DEFENSE

Plaintiffs and members of the proposed Class's claims are barred in whole, or in part, because Plaintiffs assumed the risks disclosed in the Offering Documents associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

### TWENTY-FOURTH DEFENSE

Plaintiffs and members of the proposed Class's claims are barred in whole, or in part, to the extent that they held, disposed of, or could have disposed of the securities at a price in excess of the offering price.

### TWENTY-FIFTH DEFENSE

Without admitting that Plaintiffs or members of the Class suffered damages in any amount, or that any defendants are or should be liable for any such damages, to the extent that Plaintiffs failed

to mitigate, minimize, or avoid any loss or damage referred to in the Complaint, any recovery against the Underwriter Defendants must be reduced by that amount or eliminated.

### TWENTY-SIXTH DEFENSE

The Underwriter Defendants reserve all separate or affirmative defenses or rights that they may have against the members of the proposed Class. It is not necessary at this time for the Underwriter Defendants to delineate such defenses, because no class has been certified and the members of the proposed Class are not parties to the litigation.

### TWENTY-SEVENTH DEFENSE

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time. The Underwriter Defendants adopt and incorporate any and all separate defenses asserted by other defendants in this action, to the extent such defenses are applicable to the Underwriter Defendants.

Dated: July 28, 2025

**ALLEN OVERY SHEARMAN STERLING US LLP**

By: /s/  Daniel C. Lewis

Adam S. Hakki (appearance *pro hac vice*)
Daniel C. Lewis (appearance *pro have vice*)
Joshua T. Ebersole (appearance *pro hac vice*)
599 Lexington Avenue
New York, NY  10022
Tel: 212.848.4000
adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
joshua.ebersole@aoshearman.com

Daniel H.R. Laguardia (SBN 314654)
140 New Montgomery Street, 10th Floor
San Francisco, CA  94105
Tel: 415.796.4160
daniel.laguardia@aoshearman.com

*Counsel for Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc.*