**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (admitted *pro hac vice*)
(salvatore@blbglaw.com)
Preethi Krishnamurthy (admitted *pro hac vice*)
(preethi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Sharan Nirmul (admitted *pro hac vice*)
(snirmul@ktmc.com)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Jennifer L. Joost (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiffs Norges Bank and Sjunde AP-Fonden and Additional Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund, and Heat & Frost Insulators Local 12 Funds*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE SVB FINANCIAL GROUP SECURITIES LITIGATION | Master File No. 5:23-cv-01097-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br><u>CLASS ACTION</u><br><br>Judge:  Hon. Noël Wise |

Counsel for Lead Plaintiffs Norges Bank and Sjunde AP-Fonden, and Additional Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund, and Heat & Frost Insulators Local 12 Funds (collectively, "**Plaintiffs**"), and counsel for Defendants Gregory W. Becker, Daniel J. Beck, Karen Hon, Roger F. Dunbar, Beverly Kay Matthews, Eric Benhamou, Elizabeth Burr, John S. Clendening, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, and Garen K. Staglin (collectively, the "**Individual Defendants**"); Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc. (collectively, the "**Underwriter Defendants**"); and KPMG LLP ("**KPMG**" and collectively with the Individual Defendants and the Underwriter Defendants, the "**Defendants**," and altogether with Plaintiffs, the "**Parties**") in the above-captioned action (the "**Action**") respectfully submit this Joint Case Management Statement and [Proposed] Order pursuant to this Court's November 13, 2025 Notice Resetting Case Management Conference Deadlines (ECF No. 235), this Court's Standing Order for All Civil Cases, the Standing Order for All Judges of the Northern District of California, Local Civil Rule 16-9, and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

**1.   Jurisdiction & Service**

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1337, Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78aa), and Section 22 of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77v). There are no issues pending concerning venue. All Parties have been served.

**2.   Facts**

Plaintiffs filed the Consolidated Amended Class Action Complaint (the "**Complaint**," ECF No. 88) on January 16, 2024. The Complaint asserts claims for violations of Sections 10(b), 20(a), and 20A of the Exchange Act against Defendants Becker and Beck, individually and on behalf of all persons and entities who purchased or otherwise acquired the common stock of Silicon Valley Bank Financial Group ("**SVB**"), the parent company of Silicon Valley Bank, between January 21, 2021, and March 10, 2023, inclusive (the "**Class Period**"), and were damaged thereby. The Complaint also asserts violations of Section 11 of the Securities Act against the Individual Defendants, the Underwriter Defendants and KPMG; violations of Section 12(a)(2) of the Securities Act against the Underwriter Defendants; and violations of Section 15 of

the Securities Act against the Individual Defendants, individually and on behalf of the persons and entities who purchased SVB securities in or traceable to the Bank's eleven securities offerings during the Class Period (the "**Offerings**").

A more thorough description of the Plaintiffs' and Defendants' separate views of the chronology of relevant facts are set forth in, respectively, the Complaint (ECF No. 88) and Defendants' motions to dismiss the Complaint (ECF Nos. 121, 123, 125).

In summary, during the Class Period, Plaintiffs allege that Defendants made statements regarding, among other things, SVB's risk management controls, liquidity management, interest rate risk management, and held-to-maturity securities portfolio. Plaintiffs allege that Defendants' statements during the Class Period were materially false and misleading when made. *See* ECF Nos. 88-1 (the "Exchange Act Challenged Statements") & 88-2 (the "Securities Act Challenged Statements") (collectively, the "Challenged Statements"). Plaintiffs further allege that the Challenged Statements artificially inflated the value of SVB's securities and, when the truth was revealed through a series of disclosures and/or materializations of risk, investors suffered losses. Defendants deny all liability, deny that the Challenged Statements are actionable, or were otherwise false or misleading when made, and assert that any actionably omitted facts were disclosed and known to investors during the Class Period. Similarly, Defendants deny that any statements were made with the requisite intent to defraud investors or caused Plaintiffs any losses.

**3.    Legal Issues**

Following the Court's June 13, 2025 Order Denying Exchange Defendants', KPMG, and Securities Defendants' Motions to Dismiss (ECF No. 180), the key legal issues in dispute include:

- Whether Defendants Becker and Beck are liable under Sections 10(b), 20(a), and 20(A) of the Exchange Act;
- Whether the Individual Defendants, Underwriter Defendants, and KPMG are liable under Section 11 of the Securities Act;
- Whether the Individual Defendants are liable as controlling persons under Section 15 of the Securities Act;
- Whether the Underwriter Defendants are liable under Section 12(a)(2) of the Securities Act;
- Whether Plaintiffs and the Class are entitled to the relief sought in the Complaint, including

  damages; and

- Whether a class can be certified under Fed. R. Civ. P. 23.

**4.**   **Motions**

  **A.**   **Pending Motions**

There are no motions currently pending before the Court.

  **B.**   **Previously Resolved Motions**

On May 12, 2023, several lead plaintiff movants filed motions to consolidate related cases, for appointment as lead plaintiff, and to appoint lead counsel. ECF Nos. 31, 35, 38, 44. On November 30, 2023, the Court consolidated actions captioned *Vanipenta v. SVB Financial Group, et al.*, Case No. 23-cv-01097, *Snook v. SVB Financial Group, et al.*, Case No. 23-cv-01173 (the "Snook Action"), *Siddiqui v. Becker, et al.*, Case No. 23-cv-01228 (the "Siddiqui Action"), *City of Hialeah Employees' Retirement System, et al. v. Becker, et al.*, Case No. 23-cv-01697 (the "Hialeah Action"), and *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et al.*, Case No. 23-cv-01962 (the "International Union Action") into this Action. ECF No. 82 at 1-2. The Court appointed Plaintiffs as lead plaintiffs, and Salvatore J. Graziano, of Bernstein Litowitz Berger & Grossman LLP, and Sharan Nirmul, of Kessler Topaz Meltzer & Check, LLP, as lead counsel. ECF Nos. 82 at 4, 87.

On January 30, 2024, Plaintiffs filed a motion to modify the Private Securities Litigation Reform Act's automatic stay of discovery and other proceedings during the pendency of any motion(s) to dismiss (15 U.S.C. § 78u-4(b)(3)(B) (the "Automatic Stay")) to allow for certain discovery. ECF No. 91. On March 20, 2024, Plaintiffs withdrew their motion without prejudice to renew it, if necessary, based upon developments in SVB's bankruptcy proceeding and/or in any related claims brought against Defendants. ECF No. 120.

On April 3, 2024, Defendants Becker and Beck moved to dismiss the Exchange Act claims asserted in the Complaint (ECF No. 121), the Individual Defendants and the Underwriter Defendants together moved to dismiss the Securities Act claims asserted against them in the Complaint (ECF No. 125), and KPMG moved to dismiss the Securities Act claims asserted against it in the Complaint (ECF No. 123). Defendants also filed requests for judicial notice in support of their Motions to Dismiss. ECF Nos. 122, 124. Plaintiffs opposed these motions on May 3, 2024 (ECF Nos. 132-36), and Defendants filed replies on

May 24, 2024 (ECF Nos. 138-42). On June 13, 2025, the Court issued its Order Denying Exchange Defendants', KPMG, and Securities Defendants' Motions to Dismiss (ECF No. 180).

On July 21, 2025, KPMG filed a motion for reconsideration of the Court's Motion to Dismiss Order (ECF No. 196). Plaintiffs opposed that motion on July 25, 2025 (ECF No. 204), and KPMG filed a reply on July 27, 2025 (ECF No. 205). On July 29, 2025, the Court issued its Order denying the motion for reconsideration (ECF No. 212).

### C. Anticipated Motions

In accordance with the Court's July 22, 2025 Order setting a schedule for the case (ECF No. 198), Plaintiffs are currently scheduled to file a motion for class certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on January 9, 2026.

In accordance with the Court's July 22, 2025 Order, the Parties currently anticipate filing dispositive motions and *Daubert* motions by June 19, 2026, but, if approved by the Court, the Parties' Joint Proposed Schedule would adjourn that date to September 25, 2026, as set forth in Section 16 below.

## 5. Amendment of Pleadings

The Parties reserve their respective rights with respect to amending the pleadings.

## 6. Evidence Preservation

The Parties certify that their counsel have reviewed the Guidelines Relating to Discovery of Electronically Stored Information.

## 7. Disclosures

Discovery in the Action was stayed under the PSLRA's Automatic Stay until the Court resolved Defendants' motions to dismiss. Accordingly, compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 was not required until the Court decided Defendants' motions. The Parties exchanged the initial disclosures required under Fed. R. Civ. P. 26(a)(1) on August 8, 2025.

## 8. Discovery

### A. Discovery Taken to Date

Because discovery was stayed pursuant to the PSLRA Automatic Stay until the Court resolved Defendants' motions to dismiss, discovery in the Action did not commence until after the Court's June 13, 2025 decision denying Defendants' motions to dismiss (ECF No. 180) and the Parties' Rule 26(f)

conference on July 8, 2025. Plaintiffs served document requests on the Individual Defendants on July 9, 2025; the Underwriter Defendants on July 11, 2025; and KPMG on July 11, 2025. On November 3, 2025, Plaintiffs served interrogatories on the Underwriter Defendants. Plaintiffs have also served fifteen document subpoenas on non-parties. On August 8, 2025, the Underwriter Defendants served document requests on Plaintiffs. The Underwriter Defendants have also served four non-party subpoenas. On September 9, 2025, KPMG served document requests on Plaintiffs. On October 10, 2025, Defendant Beck served document requests on Plaintiffs. On November 6, 2025, KPMG served interrogatories on Plaintiffs. The parties have begun producing documents.

On November 10, Plaintiffs received hard drives containing the approximately 4 million SVB corporate records the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank ("FDIC-R"), produced in another litigation without Bates stamps. Plaintiffs offered to process those records for all Parties (including to apply Bates stamps) in accordance with the requirements imposed by the FDIC, Federal Reserve, California Department of Financial Protection and Innovation, and the Silicon Valley Bank Financial Trust ("SVBFT"). Plaintiffs are working to expeditiously process those records and provide copies to all Defendants and the plaintiffs in *TIAA-CREF Investment Management, LLC, et al. v. Becker, et al.*, Case No. 24-cv-00478-NW. The Underwriter Defendants and KPMG separately received a copy of that production from Defendant Becker's counsel on November 14, 2025. Defendants Hon and Clendening received access to that production from Defendant Becker's counsel on November 19, 2025.

**B.     Scope of Anticipated Discovery**

The Parties anticipate that discovery will focus on issues concerning liability, damages, class certification, and defenses.

**C.     Proposed Limitations or Modifications to Discovery Rules**

Plaintiffs believe that, given the number of Parties, among other things, this case will warrant an increase from the presumptive limits on the number of depositions and interrogatories set forth under the Federal Rules of Civil Procedure.

Defendants believe that an expansion of the deposition and interrogatory limits set forth in the Federal Rules is premature at this early stage of discovery. Defendants are willing to meet and confer with Plaintiffs to determine whether additional depositions and/or interrogatories are needed as discovery

progresses, and with that context in mind, reserve the right to seek such an expansion themselves.

If the Parties are unable to reach agreement on this issue, they will seek the Honorable Susan van Keulen's assistance in resolving the dispute, pursuant to Section I of the Court's Civil Standing Order, at an appropriate time.

### D.   E-Discovery Order

The Parties anticipate negotiating and submitting to the Court a proposed protocol governing the discovery and production of electronically stored information ("ESI") in this Action.

If needed, the Parties will seek the Honorable Susan van Keulen's assistance in resolving any e-discovery disputes, pursuant to Section I of the Court's Civil Standing Order.

### E.   Protective Order

The Parties submitted a Stipulated Proposed Protective Order to govern discovery in this Action on July 30, 2025 (ECF No. 214). The Honorable Susan van Keulen entered the Protective Order as modified on August 6, 2025 (ECF No. 215). The Parties filed a proposed Amended Protective Order on September 26, 2025 (ECF No. 219) to address concerns raised by the FDIC-R and SVBFT concerning attorney-client privilege or other privileges that the FDIC-R or SVBFT may assert on behalf of Silicon Valley Bank and/or SVB Financial Group. Specifically, the provisions address the disclosure of privileged material consistent with Rule 502(d) and legal compliance requirements when producing records that may be subject to federal or state privacy laws. Judge van Keulen entered the Amended Protective Order on September 26, 2025 (ECF No. 220).

### F.   Discovery Plan

The Parties agree that documents should be produced on a rolling basis and that, where practicable, certain custodians and categories of documents should be prioritized for production. As set forth below in Section 16, the Parties' Joint Proposed Schedule seeks a substantial completion date for document production of January 9, 2026, which will substantially aid the Parties in meeting their proposed fact discovery deadline without prejudicing Plaintiffs' ability to review document discovery and adequately prepare and take the numerous anticipated depositions. The Parties will meet and confer regarding prioritizing certain sources for document discovery when discussing search terms and custodians for document collection and production.

### G. Discovery Disputes

There are no current discovery disputes.

### 9. Class Actions

Plaintiffs seek to have this action certified as a class action pursuant to Rule 23(a) and (b)(3) on behalf of: (i) for the Exchange Act claims, all persons or entities who purchased or acquired SVB common stock between January 21, 2021 and March 10, 2023, inclusive; and (ii) for the Securities Act claims, all persons or entities who purchased SVB securities in or traceable to SVB's challenged securities Offerings. The Parties' Joint Proposed Schedule proposes modified deadlines for the Parties' respective class certification submissions, as set forth below in Section 16.

All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

### 10. Related Cases

There are two related securities actions pending in this District brought on behalf of individual SVB shareholders against substantially the same defendants here and based on similar facts, circumstances, and claims as this Action. The first, captioned *TIAA-CREF Investment Management, LLC, et al. v. Becker, et al.*, Case No. 24-cv-00478-NW (the "TIAA Action"), is before Your Honor. The second, captioned *Buchanan v. Becker, et al.*, Case No. 24-cv-02684-NW (the "Buchanan Action"), is also before Your Honor. In each of these actions, the parties stipulated to stay the deadlines for the defendants' responses to the complaints pending the resolution of the Motions to Dismiss in this Action, and to coordinate those proceedings with this Action. The status of each of those securities actions is reflected in the Joint Case Management Statement that is being filed in each case today.

There are also three related securities class actions pending before the Honorable Haywood S. Gilliam, Jr., captioned *Stevenson, et al. v. Becker, et al.*, Case No. 23-cv-02277-HSG ("*Stevenson*"), *Rossi, et al. v. Becker, et al.*, Case No 23-cv-02335-HSG ("*Rossi I*"), and *Rossi, et al. v. Dechellis, et al.*, Case No. 24-cv-01674-HSG ("*Rossi II*"), where the plaintiffs assert claims under the Securities Act against substantially the same defendants here arising from SVB's merger with Boston Private Bank & Trust Company and based on similar facts and circumstances as this Action. Those actions were originally filed in California state court, Defendants removed them to this District, and the court denied the plaintiffs'

motions to remand the actions back to state court in *Stevenson* and *Rossi I*. The plaintiffs appealed the court's order denying remand to the Ninth Circuit, and that interlocutory appeal remains pending. Per stipulation, the outcome of the appeal will apply to the *Rossi II* action. The Honorable James Donato deferred determination on whether these actions should be related or consolidated into this Action until after the resolution of the remand issue. ECF No. 56; ECF No. 82 at 1.

**11.    Relief**

Plaintiffs seek the relief set forth in the Complaint, which includes: (i) an order declaring this action to be a proper class action pursuant to Federal Rule 23; (ii) an award of damages, including interest; (iii) an award of reasonable costs and expenses incurred in this action, including attorneys' and expert fees; and (iv) such other relief as the Court may deem just and proper.

Defendants deny that Plaintiffs are entitled to any requested relief. Defendants request the following relief: (1) that the Court enter judgment in their favor; (2) that Plaintiffs take nothing by means of their Complaint; (3) that Defendants be awarded costs to the maximum extent allowable by law; and (4) for such other relief as the Court deems just and proper.

**12.    Settlement and ADR**

The Parties engaged in a private mediation session on October 29, 2025, which was unsuccessful in resolving any claims.

**13.    Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

At this stage of the proceedings, the Parties believe that the narrowing of issues, suggestions to expedite the presentation of evidence at trial, and requests to bifurcate issues, claims, or defenses, whether by agreement or by stipulation, are premature.

**15.    Expedited Trial Procedure**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

**16.   Scheduling**

On August 26, 2025, the Parties submitted a Joint Proposed Scheduling Order as part of the Joint Case Management Statement (ECF No. 217). Since that time, the Parties' positions remain unchanged and, for the Court's convenience, the Parties thus restate below their positions as reflected in the previous Joint Case Management Statement (with minor updates).

At Defendants' request and although Plaintiffs were prepared to go forward with the Court's July 22, 2025 *sua sponte* Scheduling Order (ECF No. 198) ("Current Schedule"), the Parties engaged in good faith discussions regarding proposed modifications to the Current Schedule and respectfully submit that good cause exists to enter the Joint Proposed Schedule. *Keck v. Alibaba.com, Inc.*, 2018 WL 2096349, at *1 (N.D. Cal. May 4, 2018) ("A party seeking to amend a scheduling order must show 'good cause' for such relief." (citing Fed. R. Civ. P. 16(b)(4)).

*First*, as noted *supra* at page 5, Plaintiffs received only on November 10, 2025, the more than 4 million SVB corporate records that the FDIC-R produced, after over four months of discussions with and requests made to relevant regulators and interested parties. The Underwriter Defendants and KPMG separately received a copy of this production from Defendant Becker's counsel on November 14, 2025. Defendants Hon and Clendening received access to that production from Defendant Becker's counsel on November 19, 2025.  Plaintiffs are working expeditiously to process (including by applying Bates stamps) and reproduce those files to all Defendants. These more than 4 million documents represent only an initial set of materials that will be produced in this action.

*Second*, the class certification deadlines in the Current Schedule do not account for the expert reports and other fact intensive issues the Court will be asked to consider before making the findings required under Rule 23 of the Federal Rules of Civil Procedure. For example, the Current Schedule provides only two weeks between opening and opposition class certification motion submissions and only one week for reply submissions. But Defendants will not know the identity of Plaintiffs' experts or the nature of their opinions until the opening class certification submission, at which point Defendants will need to (i) depose Plaintiffs' experts, (ii) retain rebuttal experts who draft their own opinions, and (iii) prepare opposition papers informed by (i) and (ii). Following Defendants' opposition papers, Plaintiffs will then likewise need to depose Defendants' experts and prepare rebuttal expert response and reply papers

within one week of the oppositions. This entire process cannot reasonably occur in the span of three weeks. *See Wag Hotels, Inc. v. Wag Labs, Inc.*, 2021 WL 4710707, at *1 (N.D. Cal. Oct. 7, 2021) (finding good cause to amend scheduling order where "the expert disclosure deadline is after the last day for dispositive motions to be heard, and no expert rebuttal deadline or expert discovery cutoff date has been set").

*Third*, the proposed modifications reflected in the Joint Proposed Schedule are modest compared to those granted in certain other securities class actions in this District. *See, e.g.*, *Boston Ret. Sys. v. Uber Techs. Inc.*, No. 19-cv-06361 (N.D. Cal.), ECF Nos. 100 (Aug. 27, 2020), 376 (Oct. 19, 2023) (extending the close of fact discovery to 36 months after the initial order and the trial date to 53 months after the initial order); *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, No. 20-cv-04737 (N.D. Cal.), ECF Nos. 133 (July 1, 2022), 205 (Feb. 15, 2024), 223 (Sept. 13, 2024) (extending the close of fact discovery to 22 months after the initial order and the trial date to 36 months after the initial order).

*Fourth*, following the Court's comments during the October 14, 2025 case management conference, the Parties have proposed certain additional modest adjustments to the schedule, including adjusting the trial date to begin on January 19, 2027. The parties in this case, the TIAA Action, and the Buchanan Action are conferring concerning the timing and any coordination of trial in these actions and expect to address those issues at the case management conference currently scheduled for December 15, 2025, at 9:00 a.m. PT.

*Finally*, although the Parties will in good faith prepare to meet the requested deadlines set forth in the Joint Proposed Schedule, the Parties recognize that they may in the future need to seek additional modifications to the case schedule and represent that they will collaborate in good faith if and when necessary.

For these reasons, the Parties respectfully request that the Court modify the existing schedule by entering the Joint Proposed Schedule.

| Event | Current Schedule | Joint Proposed Schedule |
|---|---|---|
| Substantial Completion of Document Production | | January 9, 2026 |
| Deadline to File Motion for Class Certification | January 9, 2026 | January 9, 2026 |
| Deadline to File Opposition to Class Certification Motion | January 23, 2026 | February 20, 2026 |

| Event | Current Schedule | Joint Proposed Schedule |
|---|---|---|
| Deadline to File Reply to Class Certification Motion | January 30, 2026 | March 20, 2026 |
| Hearing on Motion for Class Cert. | March 4, 2026 | April 22, 2026 |
| Close of Fact Discovery | March 13, 2026 | June 29, 2026 |
| Opening of Expert Reports | April 10, 2026 | July 20, 2026 |
| Rebuttal Expert Reports | May 8, 2026 | August 10, 2026 |
| Close of Expert Discovery | May 29, 2026 | August 31, 2026 |
| Dispositive Motions and *Daubert* Motions | June 19, 2026 | September 25, 2026 |
| Responses to Dispositive and *Daubert* Motions | July 3, 2026 | October 16, 2026 |
| Replies to Dispositive and *Daubert* Motions | July 10, 2026 | October 30, 2026 |
| Hearing on Dispositive and *Daubert* Motions | August 12, 2026, at 9:00 AM | December 9, 2026, at 9:00 AM |
| Deadline to File Joint Pretrial Statement | September 30, 2026 | December 23, 2026 |
| Final Pretrial Conference | October 14, 2026, at 2:00 PM | January 6, 2027 |
| Trial | October 26, 2026, at 9:00 AM | January 19, 2027 |

**17.   Trial**

The Parties believe it is premature to estimate the length for trial.

**18.   Disclosure of Non-party Interested Entities or Persons**

Defendants restate and reaffirm their respective Rule 7.1 Disclosures and/or "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 filed at ECF Nos. 126-131, 153.

Lead Plaintiffs are "governmental part[ies]" exempt from Civil Local Rule 3-15. Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund and Heat & Front Insulators Local 12 Funds restate and reaffirm their Certification of Interested Entities or Persons as required by Local Rule 3-15 filed at Case No. 5:23-cv-1697, ECF No. 4.

**19.   Professional Conduct**

All attorneys of record for the Parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| Dated: December 1, 2025 | | JAMES N. KRAMER<br>ALEXANDER K. TALARIDES<br>KEVIN M. ASKEW |

**ORRICK HERRINGTON & SUTCLIFFE LLP**

*/s/ James N. Kramer*
JAMES N. KRAMER
Counsel for Defendant Greg W. Becker

Dated: December 1, 2025    BARRY H. BERKE
MICHAEL D. CELIO
DARREN LAVERNE
DANIEL M. KETANI
GEORGE B. ADAMS, III

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Michael D. Celio*
MICHAEL D. CELIO
Counsel for Defendant Daniel Beck

Dated: December 1, 2025    CHRISTOPHER W. JOHNSTONE
PETER G. NEIMAN
JESSICA N. DJILANI

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Christopher W. Johnstone*
CHRISTOPHER W. JOHNSTONE
Counsel for Defendant Karen Hon

| | |
|---|---|
| Dated: December 1, 2025 | RICHARD H. ZELICHOV<br>BING SUN<br>**DLA PIPER LLP**<br>- and -<br>BRUCE G. VANYO<br>PAUL S. YONG<br>**KATTEN MUCHIN ROSENMAN LLP**<br><br>*/s/ Richard H. Zelichov*<br>RICHARD H. ZELICHOV<br>Counsel for Defendant John S. Clendening |
| Dated: December 1, 2025 | MICHAEL G. BONGIORNO<br>TIMOTHY J. PERLA<br>JESSICA L. LEWIS<br>ERIKA M. SCHUTZMAN<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br><br>*/s/ Michael G. Bongiorno*<br>JESSICA L. LEWIS<br>Counsel for Defendants Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, Garen K. Staglin |
| Dated: December 1, 2025 | LISA R. BUGNI<br>RICHARD T. MAROONEY<br>KEVIN J. O'BRIEN<br>**KING & SPALDING LLP**<br><br>*/s/ Lisa R. Bugni*<br>LISA R. BUGNI<br>Counsel for Defendant KPMG LLP |

| | |
|---|---|
| Dated: December 1, 2025 | DANIEL H.R. LAGUARDIA<br>ADAM S. HAKKI (admitted *pro hac vice*)<br>DANIEL C. LEWIS (admitted *pro hac vice*)<br>JOSHUA T. EBERSOLE (admitted *pro hac vice*)<br><br>**ALLEN OVERY SHEARMAN STERLING US LLP**<br><br>*/s/ Daniel C. Lewis*<br>DANIEL C. LEWIS<br>Counsel for Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods Inc. |
| Dated: December 1, 2025 | SALVATORE J. GRAZIANO<br>JONATHAN D. USLANER<br>PREETHI KRISHNAMURTHY<br><br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br><br>- and -<br><br>SHARAN NIRMUL<br>STACEY M. KAPLAN<br><br>**KESSLER TOPAZ MELTZER & CHECK, LLP**<br><br>*/s/ Salvatore J. Graziano*<br>SALVATORE J. GRAZIANO<br>Counsel for Lead Plaintiffs Norges Bank and Sjunde AP-Fonden and Additional Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund, and Heat & Frost Insulators Local 12 Funds and the Proposed Class |

**CIVIL L.R. 5-1 ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Salvatore J. Graziano, am the ECF user whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45, X.B., I hereby attest that counsel for the Parties have concurred in this filing.

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Salvatore J. Graziano*

***

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case and all Parties shall comply with its provisions.

**IT IS SO ORDERED**.

Dated: _____ __, 2025

　　　　　　　　　　　　　　　　　　　　　　　　HONORABLE NOËL WISE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE