Adam S. Hakki (appearance *pro hac vice*)
  (adam.hakki@aoshearman.com)
Daniel C. Lewis (appearance *pro hac vice*)
  (daniel.lewis@aoshearman.com)
Joshua T. Ebersole (appearance *pro hac vice*)
  (joshua.ebersole@aoshearman.com)
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, NY 10022
Telephone: +1.212.848.4000

Daniel H. Gold (appearance *pro hac vice*)
  (dan.gold@aoshearman.com)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Telephone: +1.214.271.5777

Noah A. Brumfield (SBN 203653)
  (noah.brumfield@aoshearman.com)
1460 El Camino Real, 2nd Floor, Menlo Park
Silicon Valley, CA 94025
Telephone: +1.202.683.3847

*Counsel for Defendants Goldman
Sachs & Co. LLC, BofA Securities, Inc.,
Morgan Stanley & Co. LLC, and Keefe,
Bruyette & Woods, Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE SVB FINANCIAL GROUP SECURITIES LITIGATION | Case No. 23-cv-01097-NW |
| | **JOINT CASE MANAGEMENT STATEMENT** |
| | <u>CLASS ACTION</u> |
| | Judge: Honorable Noël Wise |

[Additional captions below.]

Joint Case Management Statement                Case Nos. 23-cv-01097-NW;
                                               24-cv-00478-NW; 24-cv-02684-NW

| | |
|---|---|
| TIAA-CREF INVESTMENT MANAGEMENT, LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GREGORY W. BECKER, et al.,<br><br>        Defendants. | Case No. 5:24-cv-00478-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Noël Wise |
| STEVEN J. BUCHANAN,<br><br>        Plaintiff,<br><br>    v.<br><br>GREG W. BECKER, et al.,<br><br>        Defendants. | Case No. 5:24-cv-02684-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Noël Wise |

Joint Case Management Statement

Case No. 23-cv-01097-NW;
24-cv-00478-NW; 24-cv-02684-NW

In the above-captioned **Securities Actions**,[1] counsel for **Securities Plaintiffs**[2] and **Securities Defendants**[3] (collectively the "**Parties**") respectfully submit this Joint Case Management Statement pursuant to this Court's July 29, 2026 Notice Setting Further Case Management Conference (Class Action at ECF No. 356), this Court's Standing Order for All Civil Cases, the Standing Order for All Judges of the Northern District of California, Local Civil Rule 16-9, and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

Pursuant to this Court's July 29, 2026 Minute Entry (Class Action at ECF No. 356), this Joint Case Management Statement also addresses issues or updates in the Class Action, *Buchanan* Action, and *TIAA* Action which are also scheduled to be heard at the August 13, 2026 Further Case Management Conference.

For the sake of efficiency, the parties to the *TIAA* Action and *Buchanan* Action do not restate the complete contents from their prior Case Management Conference Statements for each section below.  Rather, the parties in the *TIAA* Action and the *Buchanan* Action have focused on addressing those sections of the Joint Case Management Statement that they believe may be relevant to the *TIAA* and *Buchanan* Actions. The parties in the *TIAA* and *Buchanan* Actions will be prepared to address any

---

[1] **Securities Actions**: *In re SVB Financial Group Securities Litigation*, No. 23-cv-01097-NW (the "**Class Action**"), *Buchanan v. Becker, et al.*, No. 24-cv-02684-NW (the "***Buchanan* Action**"), and *TIAA-CREF Investment Management, LLC, et al. v. Becker, et al.*, No. 24-cv-00478-NW (the "***TIAA* Action**").

[2] The **Securities Plaintiffs**, referred to individually as "Plaintiff(s)," are as follows:

- Class Action: Lead Plaintiffs Norges Bank and Sjunde AP-Fonden, and Additional Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund, and Heat & Frost Insulators Local 12 Funds;
- *TIAA* Action: Teachers Insurance and Annuity Association of America and certain subsidiaries, funds, and accounts; and
- *Buchanan* Action: Steven J. Buchanan.

[3] The **Securities Defendants** refer to the following individuals and entities:

- "**Individual Defendants**": Gregory W. Becker, Daniel J. Beck, Karen Hon, Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, John S. Clendening, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, John Robinson, and Garen K. Staglin;
- "**Underwriter Defendants**": Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc.; and
- "**KPMG**": KPMG LLP.

---

questions the Court has related to those actions at the conference, and respectfully refer the Court to the prior case specific Joint Case Management Statement submissions made in each of those actions to the extent the Court requires any additional background not addressed herein (*TIAA* Action at ECF No. 139; *Buchanan* Action at ECF No. 113).

## 1.    Jurisdiction & Service

The Court has subject matter jurisdiction over the Securities Actions pursuant to 28 U.S.C. §§ 1331 and 1337, Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78aa), and Section 22 of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77v). There are no issues pending concerning venue. All Parties have been served.

## 2.    Facts

Class Plaintiffs filed the Consolidated Amended Class Action Complaint (the "Complaint," ECF No. 88) on January 16, 2024. The Complaint asserts claims for violations of Sections 10(b), 20(a), and 20A of the Exchange Act against Defendants Becker and Beck, individually and on behalf of all persons and entities who purchased or otherwise acquired the common stock of Silicon Valley Bank Financial Group ("SVB"), the parent company of Silicon Valley Bank, between January 21, 2021, and March 10, 2023, inclusive (the "Class Period"), and were damaged thereby. The Complaint also asserts violations of Section 11 of the Securities Act against the Individual Defendants, the Underwriter Defendants and KPMG; violations of Section 12(a)(2) of the Securities Act against the Underwriter Defendants; and violations of Section 15 of the Securities Act against the Individual Defendants, individually and on behalf of the persons and entities who purchased SVB securities in or traceable to the bank's eleven securities offerings during the Class Period (the "Offerings"). Class Plaintiffs filed the proposed Second Consolidated Amended Class Action Complaint (the "SAC," ECF No. 319-2) on May 4, 2026, which includes all of the claims asserted in the Complaint and adds a claim for violation of Section 10(b) of the Exchange Act against KPMG.

A more thorough description of the Plaintiffs' and Defendants' separate views of the chronology of relevant facts is set forth in, respectively, the Complaint (ECF No. 88), Defendants' motions to dismiss the Complaint (ECF Nos. 121, 123, 125), the SAC (ECF No. 319-2), and KPMG's

motion to dismiss the SAC (ECF No. 331).

In summary, during the Class Period, Plaintiffs allege that Defendants made statements regarding, among other things, SVB's risk management controls, liquidity management, interest rate risk management, and held-to-maturity securities portfolio (with respect to the Securities Act claims, these statements are limited to those contained in the offering materials). Plaintiffs allege that Defendants' statements during the Class Period were materially false and misleading when made. *See* ECF Nos. 88-1 (the "Exchange Act Challenged Statements") & 88-2 (the "Securities Act Challenged Statements"), and the SAC at ¶¶ 987-1001 (collectively, the "Challenged Statements"). Plaintiffs further allege that the Challenged Statements artificially inflated the value of SVB's securities and, when the truth was revealed through a series of disclosures and/or materializations of risk, investors suffered losses. Defendants deny all liability, deny that the Challenged Statements are actionable, or were otherwise false or misleading when made, and assert that any actionably omitted facts were disclosed and known to investors during the Class Period. Similarly, Defendants deny that any statements were made with the requisite intent to defraud investors or caused Plaintiffs any losses.

**3.    Legal Issues**

Following the Court's June 13, 2025 Order Denying Exchange Defendants', KPMG, and Securities Defendants' Motions to Dismiss (Class Action, ECF No. 180), as well as the Court's July 29, 2026 Order Denying KPMG's Motion to Dismiss (Class Action, ECF No. 355), the key legal issues in dispute include:

- Whether Defendants Becker and Beck are liable under Sections 10(b), 20(a), and 20A of the Exchange Act;
- Whether Defendant KPMG is liable under Section 10(b) of the Exchange Act;
- Whether the Individual Defendants, Underwriter Defendants, and KPMG are liable under Section 11 of the Securities Act;
- Whether the Individual Defendants are liable as controlling persons under Section 15 of the Securities Act;
- Whether the Underwriter Defendants are liable under Section 12(a)(2) of the Securities Act;

- Whether Plaintiffs and the Class are entitled to the relief sought in the Complaint, including damages; and

- Whether a class can be certified under Fed. R. Civ. P. 23.

A more detailed description of the legal issues in dispute in the *TIAA* Action and the *Buchanan* Action can be found at ECF No. 139 (*TIAA* Action) and ECF No. 113 (*Buchanan* Action).

## 4.    Motions

### A.    Pending Motions

There are currently no motions pending before the Court in the Class Action, *TIAA* Action, or the *Buchanan* Action.

### B.    Previously Resolved Motions

Class Action:

On May 12, 2023, several lead plaintiff movants filed motions to consolidate related cases, for appointment as lead plaintiff, and to appoint lead counsel. Class Action at ECF Nos. 31, 35, 38, 44. On November 30, 2023, the Court consolidated actions captioned *Vanipenta v. SVB Financial Group, et al.*, Case No. 23-cv-01097, *Snook v. SVB Financial Group, et al.*, Case No. 23-cv-01173 (the "Snook Action"), *Siddiqui v. Becker, et al.*, Case No. 23-cv-01228 (the "Siddiqui Action"), *City of Hialeah Employees' Retirement System, et al. v. Becker, et al.*, Case No. 5:23-cv-1697 (the "Hialeah Action"), and *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et al.*, Case No. 23-cv-01962 (the "International Union Action") into this Action. Class Action at ECF No. 82 at 1-2. The Court appointed Plaintiffs as lead plaintiffs, and Salvatore J. Graziano, of Bernstein Litowitz Berger & Grossmann LLP, and Sharan Nirmul, of Kessler Topaz Meltzer & Check, LLP, as lead counsel. Class Action at ECF Nos. 82 at 4, 87.

On January 30, 2024, Plaintiffs filed a motion to modify the Private Securities Litigation Reform Act's automatic stay of discovery and other proceedings during the pendency of any motion(s) to dismiss (15 U.S.C. § 78u-4(b)(3)(B) (the "Automatic Stay")) to allow for certain discovery. Class Action at ECF No. 91. On March 20, 2024, Plaintiffs withdrew their motion without prejudice to renew it, if necessary, based upon developments in SVB's bankruptcy proceeding and/or in any related claims

brought against Defendants. Class Action at ECF No. 120.

On April 3, 2024, Defendants Becker and Beck moved to dismiss the Exchange Act claims asserted in the Complaint (Class Action at ECF No. 121), the Individual Defendants and the Underwriter Defendants together moved to dismiss the Securities Act claims asserted against them in the Complaint (Class Action at ECF No. 125), and KPMG moved to dismiss the Securities Act claims asserted against it in the Complaint (Class Action at ECF No. 123). Defendants also filed requests for judicial notice in support of their Motions to Dismiss. Class Action at ECF Nos. 122, 124. Plaintiffs opposed these motions on May 3, 2024 (Class Action at ECF Nos. 132-36), and Defendants filed replies on May 24, 2024 (Class Action at ECF Nos. 138-42). On June 13, 2025, the Court issued its Order Denying Exchange Defendants', KPMG, and Securities Defendants' Motions to Dismiss. Class Action at ECF No. 180.

On July 21, 2025, KPMG filed a motion for reconsideration of the Court's Motion to Dismiss Order (Class Action at ECF No. 196). Plaintiffs opposed that motion on July 25, 2025 (Class Action at ECF No. 204), and KPMG filed a reply on July 27, 2025 (Class Action at ECF No. 205). On July 29, 2025, the Court issued its Order denying the motion for reconsideration. Class Action at ECF No. 212.

On April 16, 2026, KPMG filed an administrative motion to continue the April 22, 2026 class certification hearing in light of the Plaintiffs' intent to file a motion for leave to amend the Complaint to add an additional claim against Defendant KPMG under Section 10(b) of the Exchange Act (discussed below). Class Action at ECF No. 303. On April 16, 2026, the Court stated that it would not hold a hearing on the motion to certify the class until the Class Action Plaintiffs' forthcoming amendment was resolved and the briefings on the motion for class certification were supplemented, if necessary, and converted the April 22, 2026 class certification hearing into a case management conference to discuss the issue. Class Action at ECF No. 304. On April 20, 2026, Plaintiffs and KPMG submitted a joint proposal for briefing on Plaintiffs' forthcoming proposed amendment, a stay of proceedings pending resolution of those issues, supplemental class certification briefing (to the extent the Court allowed the Section 10(b) claim against KPMG), and the resetting of the hearing on class certification. Class Action at ECF No. 309. On April 22, 2026, in response to Plaintiffs' intent to seek leave to amend the

Complaint, the parties to the Class Action stipulated to withdrawal of the motion for class certification subject to refiling at a later date. *See* Class Action at ECF No. 310.

On May 4, 2026, Plaintiffs filed their Motion for Leave to Amend the Complaint (Class Action at ECF No. 319), on June 3, 2026, KPMG filed its Opposition to the Motion for Leave to Amend the Complaint and its Motion to Dismiss (Class Action at ECF Nos. 330, 331), on June 18, 2026, Plaintiffs filed their Opposition to the Motion to Dismiss and their Reply in Support of their Motion for Leave to Amend the Complaint (Class Action at ECF Nos. 342, 343), and on June 29, 2026 KPMG filed its Reply in Support of its Motion to Dismiss (Class Action at ECF No. 347). On July 29, 2026, the Court held a hearing on Plaintiffs' Motion for Leave to Amend the Complaint and KPMG's Motion to Dismiss; at that hearing, the Court orally granted Plaintiffs' Motion for Leave to Amend and denied KPMG's Motion to Dismiss. *See* Class Action at ECF No. 355. On August 5, 2026, the Court issued its Order Granting Plaintiffs' Motion to Amend the Complaint; Denying KPMG's Motion to Dismiss; Granting in Part and Denying in Part Sealing Motions. See Class Action at ECF No. 359.

*TIAA* Action:

On February 9, 2024, Plaintiffs filed an administrative motion to relate this Action to the Class Action. *See* Non-Party TIAA's Administrative Motion to Consider Whether Cases Should be Related Pursuant to L.R. 3-12 and 7-11. Class Action, ECF No. 99. The Court granted Plaintiffs' motion on February 22, 2024. *TIAA*, ECF No. 27.

*Buchanan* Action:

On August 4, 2025, KPMG filed a motion to dismiss the original complaint. *Buchanan*, ECF No. 67. On August 18, 2025, Plaintiff filed an opposition to KPMG's motion indicating that Plaintiff intended to file an amended complaint that would render moot KPMG's motion to dismiss. *Buchanan*, ECF No. 76. Plaintiff filed the Amended Complaint on August 25, 2025 thereby rendering moot KPMG's motion to dismiss the original complaint. On September 8, 2025, KPMG filed a motion to dismiss the Amended Complaint. *Buchanan*, ECF No. 86. Plaintiff opposed this motion on September 22, 2025 (*Buchanan*, ECF No. 88), and KPMG filed its reply on September 29, 2025 (*Buchanan*, ECF No. 89). On November 6, 2025, the Court issued its order granting-in-part and denying-in-part

KPMG's motion to dismiss the Amended Complaint (*Buchanan*, ECF No. 102).

**C.      Anticipated Motions**

Should the Court grant the Parties' joint proposed schedule, the Parties to each of the Securities Actions currently anticipate filing dispositive motions and *Daubert* motions by May 14, 2027. In addition, the parties to the Class Action plan to refile the previously withdrawn class certification filings and file supplemental class certification briefings related to the Class Action plaintiffs' class certification motion in accordance with the proposed joint schedule in Section 16. *See infra* Section 16.

**5.      Amendment of Pleadings**

Class Action:

Following the Court's grant of the Class Action Plaintiffs' Motion to Amend the Complaint and denial of KPMG's Motion to Dismiss (*see* Class Action at ECF No. 355), the Class Plaintiffs plan to file the SAC on August 20, 2026 (7 days from the Court's August 13, 2026 Further Case Management Conference), and KPMG plans to file its Answer to the SAC on September 21, 2026 (31 days after the SAC's filing). *See infra* Section 16.

*TIAA* Action:

The Parties reserve their respective rights with respect to amending the pleadings.

**6.      Evidence Preservation**

The Parties certify that their counsel have reviewed the Guidelines Relating to Discovery of Electronically Stored Information.

**7.      Disclosures**

Class Action:

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties to the Class Action exchanged their initial disclosures on August 8, 2025.

*TIAA* Action:

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties to the *TIAA* Action served their initial disclosures on September 2, 2025.

*Buchanan* Action:

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties to the *Buchanan* Action exchanged their initial disclosures on September 4, 2025.

**8.  Discovery**

**A.  Discovery Taken to Date**

Class Action:

Because discovery was stayed pursuant to the PSLRA Automatic Stay until the Court resolved Defendants' motions to dismiss, discovery in the Class Action did not commence until after the Court's June 13, 2025 decision denying Defendants' motions to dismiss (ECF No. 180) and the Parties' Rule 26(f) conference on July 8, 2025.

Plaintiffs served document requests on the Individual Defendants on July 9, 2025; the Underwriter Defendants on July 11, 2025; and KPMG on July 11, 2025. On November 3, 2025, Plaintiffs served interrogatories on the Underwriter Defendants. Plaintiffs served the remaining Defendants with a First Set of Interrogatories on January 14, 2026. Plaintiffs then served a Second Set of document requests on the Officer and Director Defendants on January 14, 2026, and a Second Set of document requests on the Underwriter Defendants on March 13, 2026. Plaintiffs have also served nearly two dozen document subpoenas on non-parties.

On August 8, 2025, the Underwriter Defendants served document requests on Plaintiffs. The Underwriter Defendants have also served four non-party subpoenas. On September 9, 2025, KPMG served document requests on Plaintiffs. On October 10, 2025, Defendant Beck served document requests on Plaintiffs. On November 6, 2025, KPMG served a First Set of Interrogatories on Plaintiffs, and on December 10, 2025, KPMG served a Second Set of Interrogatories on Plaintiffs.

SVB's corporate records relevant to this matter, including the electronically-stored information ("ESI") of SVB employees, are in the custody of the FDIC as Receiver for SVB ("FDIC-R"). The FDIC produced 4 million documents constituting these corporate records to certain Defendants who were also defendants in the related matter brought by the FDIC, styled *SVB Financial Trust v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank*,

No. 5:2024-cv-01321 (N.D. Cal. 2024) (the "Trust Case"). In response to Plaintiffs' document requests, Defendants agreed to produce these documents to Plaintiffs subject to Plaintiffs obtaining authority from the Federal Reserve and California Department of Financial Protection and Innovation ("CADFPI") for the release of Confidential Supervisory Information. Between August 2025 and October 2025, Plaintiffs sought and obtained the necessary authority from these regulators for the release of these documents to Plaintiffs. Given the delay in obtaining these records, the Parties jointly petitioned the Court for an expansion of the deadline for fact discovery from the original March 16, 2026, cut-off to June 29, 2026. The Court granted this request on December 23, 2025 (ECF No. 250). The Parties also separately agreed to a substantial completion date of January 9, 2026, for all document discovery.

Plaintiffs began taking fact depositions in March and have taken six fact depositions to date. Defendants cross-noticed four of these depositions. In addition to the six fact depositions taken to date, in connection with Plaintiffs' Class Certification Motion, Defendants conducted Rule 30(b)(6) depositions of each of the Lead and Additional Plaintiffs, Plaintiffs deposed Defendants' expert witnesses for purposes of the motion, and Defendants deposed both of Plaintiffs' expert witnesses for purposes of the motion.

On April 23, 2026, the Court stayed discovery in the Securities Actions pending the resolution of the Plaintiffs' Motion for Leave to Amend and KPMG's Motion to Dismiss. *See* Class Action at ECF No. 314.

*TIAA* Action:

On July 28, 2025, the Court issued an Order concerning the coordination of discovery in the *TIAA* Action with the Class Action. (ECF No. 113). The parties are proceeding with discovery in accordance with that order.

*Buchanan* Action:

The parties have agreed that all documents provided to the plaintiffs in the Class Action shall be concurrently provided to Plaintiff in the *Buchanan* Action. The parties are proceeding with discovery in accordance with that agreement.

**B.** **Scope of Anticipated Discovery**

The Securities Plaintiffs and Defendants anticipate that discovery will focus on issues concerning liability, damages, class certification, and defenses.

**C.** **Proposed Limitations or Modifications to Discovery Rules**

There are no pending requests to limit or modify the discovery rules.

**D.** **E-Discovery Order**

To the extent the parties to the Securities Actions have disagreements concerning the production of ESI in this Action, the parties will seek the Honorable Susan van Keulen's assistance in resolving any e-discovery disputes, pursuant to Section I of the Court's Civil Standing Order.

**E.** **Protective Order**

The parties to the Class Action submitted a Stipulated Proposed Protective Order to govern discovery in this Action on July 30, 2025 (Class Action at ECF No. 214). The Honorable Susan van Keulen entered the Protective Order as modified on August 6, 2025 (Class Action at ECF No. 215). The Securities Plaintiffs and Defendants filed a proposed Amended Protective Order on September 26, 2025 (Class Action, ECF No. 219) to address concerns raised by the FDIC-R and SVBFT concerning attorney-client privilege or other privileges that the FDIC-R or SVBFT may assert on behalf of Silicon Valley Bank and/or SVB Financial Group. Specifically, the provisions address the disclosure of privileged material consistent with Rule 502(d) and legal compliance requirements when producing records that may be subject to federal or state privacy laws. Judge van Keulen entered the Amended Protective Order on September 26, 2025 (Class Action, ECF No. 220). Similar stipulated protective orders have been entered in the *TIAA* Action and the *Buchanan* Action. *See TIAA*, ECF No. 126; *Buchanan*, ECF No. 98.

**F.** **Discovery Plan**

Subject to the issues discussed above in Sections 4.C. and 5 and approval of the joint proposed schedule in Section 16, the Parties to the Securities Actions agree that they are on track to meet the proposed January 19, 2027 fact discovery cutoff date, as well as the February 12, 2027 proposed deadline for the service of opening expert reports.

On May 18, 2026, the Court entered the Class Action parties' Stipulation with Proposed Order Regarding Depositions (ECF No. 325) (the "Stipulation"), which among other things, allows Plaintiffs and Defendants in the Class Action to each take 30 fact depositions. Also, in the Stipulation, the parties to the Class Action agreed to a provision splitting the time among the parties such that, if a deposition is cross-noticed:

> the Parties (and non-party deponents, where relevant) shall meet and confer to discuss the time needed and attempt to reach agreement on a sharing of the time for the deposition that results in the deposition being as close to seven (7) hours as feasible. If the Parties, after meeting and conferring, are unable to reach agreement, the noticing party shall be entitled to 4.5 hours of examination, the cross-noticing party shall be entitled to 3.5 hours of examination, and the duration of the deposition may be up to eight (8) hours, unless the Court otherwise orders.

The Parties will continue to meet and confer in good faith regarding the scheduling of depositions for party and third-party witnesses, as well as to resolve any outstanding discovery issues prior to the fact discovery deadline.

### G.    Discovery Disputes

There are no current discovery disputes pending before the Court.

### 9.    Class Actions

As set forth above in Section 4(A), Plaintiffs in the Class Action filed their Class Certification Motion on January 9, 2026, which Defendants opposed (ECF Nos. 251, 268-70, 285). Plaintiffs' motion seeks to have this action certified as a class action pursuant to Rule 23(a) and (b)(3). *See* ECF No. 251 at 2 & n.2.  As noted above in Section 4.C, the parties to the Class Action will refile the previously withdrawn class certification filings and file supplemental class certification briefings in accordance with the proposed joint schedule in Section 16.

All counsel of record for the Parties to the Class Action have reviewed the Procedural Guidance for Class Action Settlements. The *TIAA* Action and *Buchanan* Action are not class actions.

### 10.    Related Cases

There are also three related securities class actions pending before the Honorable Haywood S. Gilliam, Jr., captioned *Stevenson, et al. v. Becker, et al.*, Case No. 23-cv-02277-HSG ("*Stevenson*"), *Rossi, et al. v. Becker, et al.*, Case No. 23-cv-02335-HSG ("*Rossi I*"), and *Rossi, et al. v. Dechellis, et*

*al.*, Case No. 24-cv-01674-HSG ("*Rossi II*"), where the plaintiffs assert claims under the Securities Act against substantially the same defendants here arising from SVB's merger with Boston Private Bank & Trust Company and based on similar facts and circumstances as this Action. Those actions were originally filed in California state court, Defendants removed them to this District, and the court denied the plaintiffs' motions to remand the actions back to state court in *Stevenson* and *Rossi I*. The plaintiffs appealed the court's order denying remand to the Ninth Circuit, and that interlocutory appeal remains pending following oral argument on December 3, 2025. Per stipulation, the outcome of the appeal will apply to the *Rossi II* action. The Honorable James Donato deferred determination on whether these actions should be related or consolidated into this Action until after the resolution of the remand issue. ECF No. 56; ECF No. 82 at 1. On January 6, 2026, the plaintiffs in *Stevenson* and *Rossi I*, and defendant KPMG, informed Judge Gilliam that they had reached a settlement in principle, applicable to only those plaintiffs' claims against KPMG. Following multiple case management conferences to discuss the court's authority to sever claims against KPMG and remand them to state court, the *Stevenson* and *Rossi I* plaintiffs and KPMG submitted a Second Amended Joint Stipulation and Proposed Order Severing and Remanding Claims Against KPMG LLP To State Court for Settlement Approval on February 11, 2026. Judge Gilliam signed the proposed order on February 12, 2026, and the *Stevenson* and *Rossi I* claims against KPMG have returned to California state court so that the plaintiffs in those cases and defendant KPMG can seek settlement approval. *See Stevenson, et al. v. Becker, et al.*, No. 23CV413949 (Cal. Super. Ct. Apr 10, 2023), and *Rossi v. Becker*, et al., No. 23CV414120 (Cal. Super. Ct. Apr 14, 2023).

**11.    Relief**

Class Action:

Plaintiffs seek the relief set forth in the Complaint, which includes: (i) an order declaring this action to be a proper class action pursuant to Federal Rule 23; (ii) an award of damages, including interest; (iii) an award of reasonable costs and expenses incurred in this action, including attorneys' and expert fees; and (iv) such other relief as the Court may deem just and proper. Defendants deny that Plaintiffs are entitled to any requested relief. Defendants request the following relief: (i) that the Court

enter judgment in their favor; (ii) that Plaintiffs take nothing by means of their Complaint; (iii) that Defendants be awarded costs to the maximum extent allowable by law; and (iv) for such other relief as the Court deems just and proper.

*TIAA* Action:

Plaintiffs seek the relief set forth in the Complaint, which includes judgment against Defendants as follows: (i) requiring Defendants to pay damages sustained by Plaintiffs by reason of the acts and transactions alleged in the Complaint; (ii) awarding Plaintiffs pre-judgment and postjudgment interest, as well as their reasonable attorneys' fees, expert fees, and other costs; and (iii) awarding further equitable, injunctive, and such other relief as the Court may deem just and proper.  Defendants deny that Plaintiffs are entitled to any requested relief.  Defendants request the following relief: (i) that the Court enter judgment in their favor; (ii) that Plaintiffs take nothing by means of their Complaint; (iii) that Defendants be awarded costs to the maximum extent allowable by law; and (iv) for such other relief as the Court deems just and proper.

*Buchanan* Action:

Plaintiff seeks the relief set forth in the Amended Complaint, which includes judgment against Defendants as follows: (i) requiring Defendants to pay damages sustained by Plaintiff by reason of the acts and transactions alleged in the Amended Complaint; (ii) awarding Plaintiff prejudgment and postjudgment interest as well as his reasonable attorneys' fees, expert fees, and other costs; and (iii) awarding further equitable, injunctive, and such other relief as the Court may deem just and proper. Defendants deny that Plaintiff is entitled to any requested relief. Defendants request the following relief: (1) that the Court enter judgment in their favor; (2) that Plaintiff take nothing by means of its Amended Complaint; (3) that Defendants be awarded costs to the maximum extent allowable by law; and (4) for such other relief as the Court deems just and proper.

**12.    Settlement and ADR**

The parties have previously engaged in private mediation sessions that were unsuccessful in resolving any claims. The parties remain open to further settlement discussions and will update the Court if any such discussions are successful.

**13.      Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.      Narrowing of Issues**

At this stage of the proceedings, the parties to the Securities Actions believe that the narrowing of issues, suggestions to expedite the presentation of evidence at trial, and requests to bifurcate issues, claims, or defenses, whether by agreement or by stipulation, are premature.

**15.      Expedited Trial Procedure**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

**16.      Scheduling**

Consistent with the Joint Scheduling Stipulation and [Proposed Order] Pursuant to the Court's July 29, 2026 Order, filed on August 5, 2026 in the Class Action (ECF No. 358), the Parties jointly propose the case schedule below.

| Event | Date |
|---|---|
| Plaintiffs' filing of the Amended Complaint | 8/20/2026 |
| KPMG's Answer to Amended Complaint | 9/21/2026 |
| Plaintiffs' supplemental papers in further support of their class certification motion, limited to any issues relevant to the Amended Complaint's Section 10(b) claim against KPMG | 10/6/2026 |
| KPMG's supplemental opposition papers as to class certification, limited to any issues relevant to the Amended Complaint's Section 10(b) claim against KPMG | 11/5/2026 |
| Plaintiff supplemental papers in reply to KPMG's supplemental opposition papers as to class certification | 11/27/2026 |
| Noticed Hearing Date for Plaintiffs' Renewed Motion for Class Certification | 12/9/2026 |
| Close of Fact Discovery | 1/19/2027 |
| Opening Expert Reports | 2/12/2027 |
| Rebuttal Expert Reports | 3/15/2027 |
| Close of Expert Discovery | 4/14/2027 |
| Dispositive Motions and *Daubert* Motions | 5/14/2027 |
| Responses to Dispositive Motions and *Daubert* Motions | 6/14/2027 |
| Replies to Dispositive Motions and *Daubert* Motions | 7/14/2027 |

| Hearing on Dispositive and *Daubert* Motions | 8/11/2027 |
|---|---|
| Deadline to File Joint Pretrial Statement | 8/25/2027 |
| Final Pretrial Conference in the Class Action and *Buchanan* Action | 9/8/2027 |
| Trial Start Date in the Class Action and *Buchanan* Action | 9/27/2027 |
| Final Pretrial Conference in the *TIAA* Action | 10/13/2027 |
| Trial Start Date in the *TIAA* Action | Approximately seven weeks after the Trial Start Date in the Class Action and *Buchanan* Action |

The Officer and Director Defendants note that trial in *FDIC-R v. Becker*, Case No. 25-cv-00569 (N.D. Cal.) (the "FDIC-R Action"), is currently scheduled to begin before this Court on September 13, 2027. Counsel for the Officer and Director Defendants who are defendants in the FDIC-R Action state that they will be prepared to address scheduling in the two cases at the upcoming Case Management Conference, where the FDIC-R's counsel will be present.

**17.    Trial**

As described in Section 16, the Parties in the Class Action and *Buchanan* Action propose that a trial in those actions be scheduled to begin on September 27, 2027; the Parties in the *TIAA* Action propose that a trial in that action be scheduled to begin seven weeks later (*i.e.*, seven weeks after the trial in the Class Action and *Buchanan* Action begins). Defendants each reserve the right to move to sever their respective case from the others for purposes of trial.

**18.    Disclosure of Non-party Interested Entities or Persons**

Class Action:

The Securities Defendants restate and reaffirm their respective Rule 7.1 Disclosures and/or "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 filed at ECF Nos. 126-131, 153.

Lead Plaintiffs are "governmental part[ies]" exempt from Civil Local Rule 3-15. Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund and Heat & Frost Insulators Local 12 Funds restate and reaffirm their Certification of Interested Entities or Persons as required by Local Rule 3-15 filed at Case No. 5:23-cv-1697, ECF No. 4.

*TIAA* Action:

The parties to the *TIAA* Action restate and reaffirm their respective Rule 7.1 Disclosures and/or "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 filed at ECF Nos. 2, 3, 48, 72, 74, 76, 78, 82, 88.

*Buchanan* Action:

The parties to the *Buchanan* Action restate and reaffirm their respective Rule 7.1 Disclosures and/or "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 filed at ECF Nos. 3, 9, 14, 22, 26, 29, 40, 52, 65.

**19.    Professional Conduct**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: August 10, 2026

**ALLEN OVERY SHEARMAN STERLING US LLP**

By: /s/ *Daniel C. Lewis*

Adam S. Hakki (appearance *pro hac vice*)
Daniel C. Lewis (appearance *pro hac vice*)
Joshua T. Ebersole (appearance *pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: +1.212.848.4000
adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
joshua.ebersole@aoshearman.com

Daniel H. Gold (appearance *pro hac vice*)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Telephone: +1.214.271.5777
dan.gold@aoshearman.com

Noah A. Brumfield (SBN 203653)
1460 El Camino Real, 2nd Floor, Menlo Park
Silicon Valley, CA 94025
Telephone: +1.202.683.3847
noah.brumfield@aoshearman.com

*Counsel for Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc.*

Joint Case Management Statement               - 17 -               Case No. 23-cv-01097-NW;
24-cv-00478-NW; 24-cv-02684-NW

Dated: August 10, 2026

JAMES N. KRAMER
KEVIN M. ASKEW
OLIVIA ROSEN

**ORRICK HERRINGTON & SUTCLIFFE LLP**

*/s/ James N. Kramer*

JAMES N. KRAMER
Counsel for Defendant Gregory W. Becker

Dated: August 10, 2026

BARRY H. BERKE
MICHAEL D. CELIO
DANIEL M. KETANI
GEORGE B. ADAMS, III

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Michael D. Celio*

MICHAEL D. CELIO
Counsel for Defendant Daniel Beck

Dated: August 10, 2026

CHRISTOPHER W. JOHNSTONE
PETER G. NEIMAN
JESSICA N. DJILANI

**WILMER CUTLER PICKERING HALE AND
    DORR LLP**

*/s/ Christopher W. Johnstone*

CHRISTOPHER W. JOHNSTONE
Counsel for Defendant Karen Hon

Dated: August 10, 2026

JESSICA L. LEWIS
TIMOTHY J. PERLA
ERIKA M. SCHUTZMAN
MICHAEL G. BONGIORNO

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

/s/ *Jessica L. Lewis*
JESSICA L. LEWIS
Counsel for Defendants Roger F. Dunbar, Beverly Kay
Matthews, Eric A. Benhamou, Elizabeth Burr, Richard
D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N.
Maggioncalda, Mary J. Miller, Kate D. Mitchell, John
Robinson, Garen K. Staglin

Dated: August 10, 2026

RICHARD H. ZELICHOV
BRUCE G. VANYO
PAUL S. YONG

**KATTEN MUCHIN ROSENMAN LLP**

/s/ *Richard H. Zelichov*
RICHARD H. ZELICHOV
Counsel for Defendant John S. Clendening

Dated: August 10, 2026

LISA R. BUGNI
RICHARD T. MAROONEY
J. EMMETT MURPHY
KEVIN J. O'BRIEN
KENNETH FOWLER

**KING & SPALDING LLP**

/s/ *Lisa R. Bugni*
LISA R. BUGNI
Counsel for Defendant KPMG LLP

Dated: August 10, 2026

SALVATORE J. GRAZIANO
JONATHAN D. USLANER
PREETHI KRISHNAMURTHY

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

- and -

SHARAN NIRMUL
STACEY M. KAPLAN

**KESSLER TOPAZ MELTZER & CHECK, LLP**

*/s/ Salvatore J. Graziano*

SALVATORE J. GRAZIANO
Counsel for Lead Plaintiffs Norges Bank and Sjunde
AP-Fonden and Additional Plaintiffs Asbestos Workers
Philadelphia Welfare and Pension Fund, and Heat &
Frost Insulators Local 12 Funds and the Proposed Class

Dated: August 10, 2026

DARREN J. ROBBINS
LUKE O. BROOKS
ERIKA L. OLIVER
JACK ABBEY GEPHART
SHAWN A. WILLIAMS
TING LIU

**ROBBINS GELLER RUDMAN & DOWD LLP**

*/s/ Ting Liu*

TING LIU
Counsel for Plaintiffs TIAA-CREF Investment
Management, LLC and related entities

Dated: August 10, 2026    JOHN T. JASNOCH
MOLLIE ELIZABETH CHADWICK

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**


*/s/ John T. Jasnoch*
JOHN T. JASNOCH
Counsel for Plaintiff Steven J. Buchanan

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to N.D. Cal. Civil Local Rule 5-1(i)(3), I, Daniel C. Lewis, attest that at my direction, my firm obtained the concurrence of all of the above-listed counsel in filing this document.

Dated: August 10, 2026

/s/ *Daniel C. Lewis*
Daniel C. Lewis
